**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**SUN BANK OF MIAMI,**
**Defendant-Appellee.**

**No. 79–2035**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1980.

Rehearing Denied Feb. 14, 1980.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert A. Bernstein, Donald B. Susswein, Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Fowler, White, Burnett, Hurley, Banick & Knight, Harold L. Ward, Atty., Miami, Fla., for defendant-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

In the District Court for the Southern District of Florida, the United States sued Sun Bank of Miami for wrongful dishonor of a $150,000 sight draft drawn pursuant to a letter of credit issued by the bank. From an adverse summary judgment, the United States appeals. Finding the dishonor wrongful, we reverse the judgment and remand with instruction to enter judgment for the United States.

In October, 1973, the predecessor of Sun Bank of Miami [1] issued to S. D. Brull & Associates, Inc., the following letter of credit:

"For consideration heretofore received, we hereby establish our Irrevocable Letter of Credit in your favor for a sum, or

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. Appellee Sun Bank of Miami does not contest its liability for its predecessor's obligations.

sums, not exceeding a total of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00). Funds may be drawn hereunder by your drafts on us at sight.

The aforementioned funds are to be used and disbursed by S. D. BRULL & ASSOCIATES as supplement funds to complete the Camino Real Condominium, 105 S.W. 8th Street, Miami, Florida, and/or Cutler Club Condominium, 110th Court at S.W. 196th Street, Miami, Florida, if necessary. Our commitment under this Letter of Credit expires on October 31, 1974."

In August, 1974, an Internal Revenue Service agent presented to the bank a $150,000 draft drawn by S. D. Brull & Associates, Inc., and payable to the order of the United States Department of Treasury. Although the draft did not reveal how the funds were to be used, the government had accepted the draft as partial payment of delinquent unemployment and social security taxes incurred in constructing the projects named in the letter of credit. The bank refused to honor the draft, claiming that payment would contravene the designated purpose of the letter of credit. Suit by the United States resulted in summary judgment for the bank, the trial court having construed the letter's second paragraph to require any draft to indicate explicitly the proceeds' intended use.

■ Although the bank may have intended to limit use of the funds to the specified projects, it did not clearly require documentation of such use. Because we must resolve any ambiguity in a letter of credit against the drafter, we find reversible error in the trial court's implied documentary requirement. *See East Girard Savings Ass'n v. Citizens National Bank and Trust Co. of Baytown*, 593 F.2d 598, 602 (5th Cir. 1979). Absent any express documentary requirement, the letter of credit accorded the United States the right to payment upon presentation of the sight draft alone. *See id.* at 603.

The commercial vitality of the letter of credit depends on its guarantee of payment independent of underlying agreements between the bank, its customer, and the beneficiary of the letter. *Pringle Associated Mortgage Corp. v. Southern National Bank of Hattiesburg, Mississippi*, 571 F.2d 871, 874 (5th Cir. 1978). The trial court's focus on the letter's second paragraph, unduly emphasizing a mere reference to some relationship between the bank and its customer, violated that tenet of commercial law. *See id.*

■ The trial court also improperly stressed the bank's duty under Fla.Stat. § 675.5–109(2) to insure the beneficiary's compliance with terms in the letter of credit. That section imposes only a duty to scrutinize documents clearly required under the credit. Fla.Stat. § 675.5–109(2) and comment 2. If no documentary requirement exists, no such duty arises. Moreover, such solicitude for the customer's interests necessarily arouses suspicion when the customer itself drew the draft and attached the letter of credit to it.

■ Because the letter of credit in this case did not expressly require that the draft show the funds' intended use or that supporting documents accompany the letter of credit, the bank ought to have honored the otherwise unchallenged draft. Accordingly, we REVERSE the judgment of the district court and REMAND with instructions to enter judgment for the United States.