62269. J. M. TULL INDUSTRIES, INC. v. REED et al.

McMurray, Presiding Judge.
Southeastern Ag Distributors, Inc. executed a note dated April 14, 1980, and payable to the order of J. M. Tull Industries, Inc. in satisfaction of an antecedent debt. The defendants executed an attached "guaranty of payment," by the terms of which they unconditionally guaranteed the payment of the above mentioned note. Plaintiff J. M. Tull Industries, Inc. brought this action against

the defendants predicated on this guaranty agreement. Defendants answered admitting their signatures but denying that a claim had been stated by the complaint and raising the defense that the note was executed completely without consideration. Plaintiff moved for summary judgment; and after discovery, and the filing of defendants' motion for summary judgment, the trial court denied both motions for summary judgment, but determined "that the only issue to be determined by the jury is whether or not there was a consideration moving [in] the making of the contract of guaranty." Plaintiff obtained a certificate of immediate review from the trial court. Plaintiff's application to this court for permission to file an interlocutory appeal was granted. Plaintiff enumerates as error the trial court's holding that a question of fact remains as to the defense of lack of consideration for the guaranty agreement signed by the defendants. *Held:*

The defendants' signatures having been admitted by their answer, plaintiff's production of the note and guaranty of payment entitled it to recover on these documents unless defendants establish a defense. Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256). The sole defense which the defendants seek to establish is that of a want or lack of consideration for their execution of the guaranty of payment. However, as Code Ann. § 109A-3—408 (Ga. L. 1962, pp. 156, 260) states, "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." The guaranty upon which plaintiff's action is predicated was executed by defendants in security of the note of Southeastern Ag Distributors, Inc. As that note is given in security of an antecedent open account, no further consideration is necessary. Defendants' defense of lack of consideration is meritless. *Deep South Services v. Wade,* 248 Ga. 80 (281 SE2d 561) (1981). No issue of material fact remaining, the trial court erred in failing to grant a summary judgment in favor of plaintiff.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1981.

*Frank M. Boorn, John O. Moore,* for appellant.
*Eric L. Jones,* for appellees.