**RAIFFEISEN–ZENTRALKASSE TIROL REG. GEN. M.B.H., Plaintiff-Appellee,**

v.

**FIRST NATIONAL BANK IN ASPEN, Defendant-Appellant.**

No. 81CA0637.

Colorado Court of Appeals, Div. III.

April 29, 1983.

Rehearing Denied June 9, 1983.

Certiorari Denied Nov. 7, 1983.

Cosgriff, Dunn & French, P.C., John W. Dunn, Vail, for plaintiff-appellee.

Garfield & Hecht, Ronald Garfield, Craig N. Blockwick, Aspen, Maurice Nessen, New York City, for defendant-appellant.

KELLY, Judge.

The questions presented in this case involve the obligation of an issuing bank to honor a draft drawn under a letter of credit. Defendant, First National Bank in Aspen (First National), appeals from a trial court decision holding it liable on a letter of credit issued in favor of plaintiff, Raiffeisen-Zentralkasse Tirol (Austrian Bank). We reverse.

On April 5, 1976, First National issued an irrevocable letter of credit in favor of Zavratsky and Co., K.G. of Kitzbuhel, Austria, in order to facilitate the purchase of ski wear by the bank's customer, Mr. Lindner, an Aspen retailer. Zavratsky and Co. then assigned all rights under the letter to the Austrian Bank. First National declined to honor the letter on the grounds that two conditions included in the letter of credit had been breached. The relevant special conditions were: "1. Shipment from Kitzbuhel, Austria to Aspen, Colorado—delivery to Aspen, Colorado must be no later than September 15, 1976." and "2. Partial shipments not permitted." The letter of credit stipulated that the *Uniform Customs and Practice for Commercial Documentary Credits, 1962 revision, International Chamber of Commerce* (UCP) would control.

Both banks stipulated that the goods arrived at Customs in Denver sometime between September 17 and September 20, 1976, were held at the Customs warehouse for approximately 35 days thereafter, and were never delivered to Aspen. It is here uncontroverted that the shipment in question was a partial shipment, a fact known to the Austrian Bank at the time payment was sought from First National, but known to neither First National nor its customer until one day before the trial on this matter.

■ The trial court concluded that First National was estopped, under Article 8(f) of the UCP, from relying on the breached conditions as a basis for dishonoring the letter of credit. Article 8 of the UCP pertains only to documentary conditions. Thus, it is implicit in the court's decision that the special conditions here are documentary. We disagree with these rulings. *See Spar Consolidated Mining & Development Co. v. Miller,* 38 Colo.App. 249, 556 P.2d 1226 (1976), *rev'd on other grounds,* 193 Colo. 549, 568 P.2d 1159 (1977).

Documentary conditions in a letter of credit must be specific and must sufficiently identify the documents required by the condition to enable the issuer to determine whether to honor or dishonor the beneficiary's draft without regard to defenses which may be available to the bank's customer. *See Pringle-Associated Mortgage Corp. v. Southern National Bank,* 571 F.2d 871 (5th Cir.1978); and *see Colorado National Bank v. Board of County Commissioners,* 634 P.2d 32 (Colo.1981). There is no such specificity here. We reject the trial court's implicit holding to the contrary and conclude that these conditions are not documentary.

The Austrian Bank argues, nevertheless, that the UCP governs this transaction, and that, because it applies only to documentary conditions, non-documentary conditions in the letter are impermissible. We disagree. Since the terms of the UCP do not apply to non-documentary conditions, the UCP does not govern this transaction. It is the Uniform Commercial Code (UCC) which is applicable here.

■ The UCC does not prohibit the inclusion in a letter of credit of non-documentary conditions and, contrary to the Austrian Bank's argument, a letter is not invalidated by the inclusion of such conditions. The central principle of Article 5 is freedom of contract. *J. White & R. Summers, Uniform Commercial Code* § 18–3 (2d ed. 1980). In furtherance of this principle, Article 5 allows flexibility in letters of credit.

In § 4–5–103, C.R.S.1973, a letter of credit is defined as:

"(1)(a) 'Credit' or 'letter of credit' means an engagement by a bank or other person

made at the request of a customer and of a kind within the scope of this article (§ 4–5–102) that the issuer will honor drafts or other demands for payment *upon compliance with the conditions specified in the credit. . . .*

"(b) A 'documentary draft' or a 'documentary demand for payment' is one honor of which is conditioned upon the presentation of a document or documents. 'Document' means any paper including document of title, security, invoice, certificate, notice of default, and the like." (emphasis added)

 Section 4–5–102(1), C.R.S.1973, also applies, however, not only to credits which require demands for payment accompanied by documentation, *see* § 4–5–102(1)(a), but also:

"(c) to a credit issued by a bank or other person if the credit is not within paragraphs (a) or (b) of this subsection (1) *but conspicuously states that it is a letter of credit or is conspicuously so entitled."* (emphasis added)

Thus, a document may be a letter of credit if it requires a documentary draft or documentary demand for payment *or,* if it contains neither requirement, but conspicuously declares itself to be a letter of credit. *Bank of North Carolina v. Rock Island Bank,* 570 F.2d 202 (7th Cir.1978); *Pringle-Associated Mortgage Corp. v. Southern National Bank, supra.* Hence, the existence of non-documentary conditions does not invalidate such letters of credit under the UCC.

 The obligation of the issuer of a letter of credit to honor the letter is wholly separate from the beneficiary's compliance with the terms of the underlying contract and is dependent solely on the terms and conditions contained in the letter of credit. *Bank of Newport v. First National Bank & Trust Co.,* 687 F.2d 1257 (8th Cir.1982); *United States v. Sun Bank,* 609 F.2d 832 (5th Cir.1980); *Colorado National Bank v. Board of County Commissioners, supra;* § 4–5–114, C.R.S.1973 (Official Comment 1). This disjunction between a letter of credit and the underlying obligation does not prohibit including in the letter of credit

itself non-documentary conditions which are relevant both to satisfaction of the terms of the underlying contract and of the letter of credit. In fact, none of the cases cited by the Austrian Bank supports its assertion that any condition in the letter of credit *must* have a correlative documentary requirement by which to determine compliance or non-compliance with that condition.

*United States v. Sun Bank, supra,* relied on by the Austrian Bank, is inapposite. In *Sun Bank,* the language in the letter of credit purportedly creating the condition was ambiguous and the question addressed by the appellate court was whether the trial court properly looked to the underlying contract to elucidate the meaning of the letter. Here, the language unambiguously creates conditions.

 Finally, while strict compliance with the terms and conditions of a letter of credit is essential, *Colorado National Bank v. Board of County Commissioners, supra,* we will not prohibit the inclusion of non-documentary conditions merely because they refer to performance on the underlying contract. "The beneficiary's noncompliance with the underlying contract does not affect the issuer's liability *unless a reference to the underlying contract explicitly creates a condition for honoring a draft." Pringle-Associated Mortgage Corp. v. Southern National Bank,* 571 F.2d at 874 (emphasis added). *See also Marino Industries v. Chase Manhattan Bank,* 686 F.2d 112 (2d Cir. 1982); *Beckman Cotton Co. v. First National Bank,* 666 F.2d 181 (5th Cir.1982). Indeed, as stated in *Dovenmuehle v. East Bank of Colorado Springs,* 38 Colo. 507, 563 P.2d 24 (1976), *aff'd,* 196 Colo. 422, 589 P.2d 1361 (1978): "Contract principles are not necessarily precluded from consideration *if the parties embody them within the terms of the credit."* (emphasis added).

 Since the conditions at issue here are permissible non-documentary conditions, and the UCP is inapplicable, the estoppel provision in Article 8(f), which formed the basis for the trial court's decision, is not controlling. It is undisputed that the condi-

tion requiring timely delivery of the goods was breached. Under the UCC, First National was justified in refusing to honor the demand for payment on the letter of credit.

In view of the above-stated conclusions, it is unnecessary for us to reach the other issues raised in this case.

We reverse the judgment of the trial court and remand with instructions to enter judgment for the defendant.

VAN CISE and KIRSHBAUM, JJ., concur.