68700. TELFAIR FINANCE COMPANY v. WILLIAMS.
(323 SE2d 689)

Benham, Judge.

Appellant brought suit on a conditional sales contract executed by appellee and assigned by the payee to appellant. The trial court granted summary judgment to appellee on the ground that the statute of limitation had run. On appeal, appellant contends that the trial court erred in failing to rule that the contract was under seal and was, therefore, controlled by the 20-year period of limitation provided for in OCGA § 9-3-23. We agree.

The promissory portion of the contract begins, "The undersigned Buyer hereby promises to pay . . ." and ends, "Signed, sealed and delivered by the Buyer . . ." "Contrary to the situation in *Echols v. Phillips*, 112 Ga. 700 (37 SE 977) (1900), [and in *Johnson v. Intl. Agricultural Corp.*, 41 Ga. App. 740 (154 SE 465) (1930), where the words, "Signed, sealed and delivered in the presence of," were held to have been intended as the expression of attesting witnesses] it is clear that the maker of the note did intend to use these words as his own." *Hixon v. Woodall*, 246 Ga. 758, 759 (272 SE2d 727) (1980). Following appellee's signature on the contract appears the word "(SEAL)." Since the contract was, therefore, a sealed instrument within the meaning of OCGA § 9-3-23 (*Hixon*, supra), the 20-year period of limitation provided by that statute controls and the grant of summary judgment to appellee on the basis of the statute of limitation cannot stand.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

Decided October 30, 1984.

*Tom K. Smith*, for appellant.
*Rembert C. Cravey*, for appellee.