GUILFORD PATTERN WORKS, INC., an Illinois corporation, Plaintiff,

v.

UNITED BANK OF BOULDER, a Colorado banking corporation, Defendant.

Civ. A. No. 86–K–564.

United States District Court, D. Colorado.

March 10, 1987.

Edward J. Krisor, Jr., Shoemaker, Wham & Krisor, Denver, Colo., for plaintiff.

John F. Hensley, Dietze, Davis & Porter, Boulder, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This breach of contract action comes before me on a motion for summary judgment by defendant United Bank of Boulder. Jurisdiction lies in diversity under 28 U.S.C. § 1332(a)(2).

The facts are undisputed between the parties. The only issue presented to me concerns what constitutes compliance with a contract document under Colorado statutory and case law concerning letters of credit. As such, defendant's motion for summary disposition is appropriate.

On January 8, 1985, plaintiff Guilford Pattern Works, an Illinois corporation, was issued a Standby Irrevocable Letter of Credit for the account of customer Geotrac, Inc. by defendant United Bank of Boulder, a Colorado corporation. The letter of cred-

it stated several conditions, some of which were subsequently amended by the parties.

On January 17th, Geotrac declared the original business contract between itself and plaintiff void, and set forth new terms for services and payment. One of those new terms was that all patterns must be delivered to Geotrac by February 7th. A letter from Geotrac to plaintiff detailing the new terms was not mailed to plaintiff until February, and plaintiff received it on February 14th.

On January 25th, apparently in response to its receipt of a copy of Geotrac's letter modifying the underlying contract, the bank made a final amendment to the the original letter of credit and specifically demanded compliance with Geotrac's February delivery provision. Although a copy of the Geotrac letter was supposed to be attached to the bank's January 25th amendment, plaintiff claims this attachment also did not arrive at its offices until February 14th.

All of plaintiff's deliveries save the last had been made before the modified date. Upon receipt of the two letters, plaintiff attempted to comply with the new terms; however, plaintiff's last delivery of patterns to Geotrac was on February 15th, one day after its receipt of the letter, and eight days after the new deadline.

On May 7th, plaintiff presented demand for payment on the letter of credit to the bank. Apart from the missed delivery deadline, plaintiff was otherwise in compliance with the other terms of the credit agreement. The bank refused payment of the note on May 21st, and subsequently, plaintiff instituted the present action for breach.[1]

A single discrete issue must be decided under the bank's summary judgment motion. It contends Colorado statutory law under 1973 C.R.S. 4–5–114(1) requires a beneficiary's *strict compliance* with all letter of credit terms in order for the issuer to be required to fulfill its duty to honor the demand. Plaintiff looks to the same statute to argue that only *substantial* compliance is necessary when the terms at issue are non-documentary.

■ A letter of credit is essentially a contract between the beneficiary and the issuer which is separate and independent from the underlying business transaction between the beneficiary and the bank's customer. *Colorado National Bank of Denver v. Board of County Commissioners*, 634 P.2d 32, 36 (Colo.1981). Compliance with the terms of the credit agreement is not governed by a subjective standard, but is instead factual. An issuer can not reserve a de facto right to dishonor by constructively requiring personal satisfaction with the agreement's terms. 1973 C.R.S. 4–5–114 (Comment, n. 1). Such a reservation is made by issuing a revocable letter of credit.

1973 C.R.S. 4–5–114(1) outlines issuers' obligations to honor letters of credit.[2] It states in relevant part:

> An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit, regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary ...

At present, the standard for "compliance" under the statute is a judicially-created one. Colorado courts have held that in order to maintain the commercial validity of the vehicle of letters of credit, strict compliance with terms and conditions is

---

1. Performance of the underlying contract via *Geotrac's* failure to deliver the modifying document on time seems to be what plaintiff rails against most strongly within the language of its complaint. Although the facts are sympathetic to plaintiff's obviously unwarranted losses stemming from the bank's refusal to honor the draft, the real cause of the damage seems to sound in contract against Geotrac, not against the bank. For whatever reason, plaintiff has decided not to proceed against the party more patently in breach than the named defendant.

2. *Standby* letters of credit, by which the issuer claims to undertake only a secondary liability to pay damages resulting from its customer's failure to perform an underlying contract, clearly fall within the scope of the Colorado statute. *See Board of County Commissioners v. Colorado National Bank*, 43 Colo.App. 186, 607 P.2d 1010 (1979).

necessary. *Colorado National Bank* at 40; *Raiffeisen-Zentralkasse v. First National Bank,* 671 P.2d 1008, 1010 (Colo. App.1983). However, as plaintiff would distinguish them, these cases can be read to require strict compliance only with *documentary* terms and conditions. *Non-documentary* terms might then require only substantial compliance if the courts were convinced a different and lower standard should apply to the distinction.

 Documentary conditions in a letter of credit must be specific and must sufficiently identify the documents required by the condition to enable the issuer to determine whether to honor or dishonor the beneficiary's draft without regard to defenses which may be available to the bank's customer. *Raiffeisen-Zentralkasse* at 1009. In the case at bar, the bank's last amendment specifically identified the conditional document as the attached Geotrac letter and required compliance with the terms it set out.

 Regardless of plaintiff's characterization, therefore, the delivery terms between plaintiff and Geotrac became a documentary term within the letter of credit. As such, it becomes unnecessary for me to decide whether a standard other than strict compliance is necessary under the statute for non-documentary terms of the agreement. The rule is thus clear; plaintiff was required to be in strict compliance with the terms of the letter of credit.

 However, simply because a specific statute governs one component of plaintiff's obligations, does not mean that general contract principles concerning other legal responsibilities on the part of the bank are then held in abeyance. Modification, as well as performance, of the underlying contract may be irrelevant to the bank's obligations under the letter of credit. *Colorado National Bank* at 38. Yet it is well-settled that modification of the terms of any contract, including the one which constituted the letter of credit itself, cannot be changed without the knowledge and approval of both parties. Modification by unilateral fiat is insufficient; some "meeting of the minds" is required. *U.S. for Use of Mobil Premix Concrete, Inc. v. Santa Fe Engineers, Inc.,* 515 F.Supp. 512, 515 (D.C.Colo.1981); *See generally, Columbian National Life Insurance Co. v. McClain,* 115 Colo. 458, 174 P.2d 348 (Colo. 1946).

 A genuine question of fact exists here of whether the letter of credit was even modified so as to make the new delivery terms valid, since the pleadings demonstrate dispute as to whether there had been a meeting of the minds on the new term between plaintiff and defendant. Even if modification could be implied, perhaps due to plaintiff's acquiesence by its later conduct in attempting to comply with the new terms, another genuine issue of fact exists concerning *when* plaintiff received the document the bank had relied on in altering the terms of the agreement. This is an issue of notice. If plaintiff is correct in stating that such notification was not received until after the delivery date requested, then plaintiff's performance of the new condition was impossible and thus strict compliance, or for that matter *any* compliance, may not have been necessary. *Cherokee Water District v. Colorado Springs,* 184 Colo. 161, 519 P.2d 339, 341 (1974).

Therefore, it is ordered that defendant's motion for summary judgment is DENIED.