**FIRST STATE BANK & TRUST COMPANY OF VALDOSTA, GEORGIA, et al., Plaintiffs,**

v.

**Bruce McIVER, Defendant.**

Civ. A. No. 87–14–VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

March 4, 1988.

W.L. Miller, Valdosta, Ga., for plaintiffs.

William E. Whitlock, III, Tallahassee, Fla., for defendant.

## ORDER

OWENS, Chief Judge.

Presently before the court are two motions for summary judgment—one filed jointly by plaintiffs First State Bank and Trust Company of Valdosta, Georgia (First Bank) and Fidelity & Deposit Company of Maryland (Fidelity); and a second one filed by defendant Bruce McIver. Each motion asserts that there are no triable issues of fact and that judgment should be entered in their favor. It appears to the court that the facts relevant to these motions are generally not in dispute. Looking to these facts then, the court will proceed to decide the questions raised by each party's motion.

### Relevant Undisputed Facts

1. On July 1, 1977, defendant Bruce McIver executed and delivered a promissory note under seal to First Bank in the amount of $100,000. This note had a 10% rate of interest and was due in full on June 1, 1978.

2. The promissory note given to First Bank from Mr. McIver was secured with a letter of credit issued by First Bank of Holmes County (Holmes Bank). The letter of credit provided that if and when Mr. McIver's $100,000 note matured or otherwise became due and payable, First Bank could look to Holmes Bank for payment of the debt.

3. When Mr. McIver failed to properly pay on the promissory note given to First Bank, First Bank, rather than bringing an action against Mr. McIver, sought payment on the letter of credit that secured his note.

4. Holmes Bank refused to honor the letter of credit, contending that the letter of credit was fraudulently issued by one of its officers. First Bank thereafter filed suit in a Florida court against Holmes Bank on the letter of credit.

5. Following the filing of this Florida lawsuit, First Bank and Holmes Bank entered into an agreement to settle the Florida action. Pursuant to the agreement reached by these parties, First Bank was to receive $90,000 cash in return for which First Bank would give to Holmes Bank the letter of credit. First Bank was also to assign Mr. McIver's promissory note to Holmes Bank, with the condition that First Bank would be paid one-half of all net sums recovered under Mr. McIver's note, Holmes Bank's letter of credit, or any other source associated with the note or letter of credit, up to a sum equal to the difference between $90,000 and the full principal and interest owed by McIver to First Bank under the promissory note, together with all attorney's fees incurred by First Bank

in connection therewith. *See* Exhibit H attached to Defendant's Motion for Summary Judgment.

6. Holmes Bank then resorted to a fidelity bond, issued by Fidelity, to require the bonding company to purchase Mr. McIver's note from it for $90,000. After Fidelity paid on its bond, Mr. McIver's note was then assigned on April 14, 1981, by Holmes Bank to Fidelity.

7. On February 9, 1987, Fidelity assigned Mr. McIver's note back to First Bank for purposes of collection. On March 11, 1987, First Bank filed suit against Mr. McIver in this court. Fidelity was later added as a party plaintiff.

### Conclusions of Law

Plaintiffs' contentions are simple. They state that this is a classic contract action based upon a promissory note, executed under seal, that is now in default. There being no valid defenses to payment of the note, they contend that Mr. McIver is liable as a matter of law on his contract. Mr. McIver, on the other hand, contends that the letter of credit issued by Holmes Bank obligated Holmes Bank to pay off the promissory note in question. Mr. McIver further argues that by accepting less than full payment from Holmes Bank, First Bank prejudiced its rights to collect under the note, and by that fact, all future assignees of the note would be similarly prejudiced. Mr. McIver's argument, however, appears to misconstrue the rights and obligations of the parties involved in this lawsuit. In order to resolve the respective party's contentions, the court first must decide what rights and obligations the law actually creates under these facts.

■ First, by signing a promissory note with First Bank, Mr. McIver obligated himself to First Bank to repay the $100,000 loan upon the terms and conditions set out under the note. Because this note was executed under seal, and because it incorporates Georgia law, the period of limitations applicable to enforcement of the note is twenty (20) years. *See Telfair Financial Co. v. Williams,* 172 Ga.App. 489, 323 S.E.2d 689 (1984).

■ Secondly, the letter of credit issued by Holmes Bank is an independent contractual agreement completely separate from the underlying transaction created by the promissory note signed by Mr. McIver in favor of First Bank.[1] The letter of credit transaction actually creates two additional contracts besides the promissory note contract: (1) the contract between Mr. McIver and Holmes Bank under which Holmes Bank issued a letter of credit on behalf of its customer, Mr. McIver; and (2) the contract between the bank issuing the letter of credit, Holmes Bank, and the beneficiary of the letter of credit, First Bank. *See First National Bank of Atlanta v. Wynne,* 149 Ga.App. 811, 256 S.E.2d 383 (1979); and *United States v. Sun Bank of Miami,* 609 F.2d 832 (5th Cir.1980).

■ When Mr. McIver failed to pay on his promissory note, First Bank, then, had two remedies it could pursue. It could bring an action against Mr. McIver on the underlying transaction, *i.e.,* the promissory note, and/or it could bring an action against Holmes Bank as beneficiary of the irrevocable letter of credit. First Bank, after considering the strength of each of these avenues of relief, opted to sue Holmes Bank on the letter of credit. This lawsuit was ultimately settled. By settling with Holmes Bank, First Bank thereafter gave up any rights it might otherwise have had as beneficiary of the letter of credit contract. The contractual relationship between First Bank and Holmes Bank that resulted from Holmes Bank's letter of cred-

---

1. Since the letter of credit was created in Florida, and expressly provides that Florida law would control, the court finds that Florida law is applicable to this contract. The court notes, however, that both Georgia and Florida have adopted similar U.C.C. provisions in this regard, and, therefore, the court perceives no difference between the application of either Georgia or Florida law to this transaction. *See* O.C.G.A. § 11–5–114 (Michie 1982); Fla. Statutes 675.5–114; and *Dynamics Corporation of America v. Citizens & Southern National Bank,* 356 F.Supp. 991 (N.D.Ga.1973) (court may look to the general law in other jurisdictions to determine proper decision).

it was, thus, extinguished as of April 10, 1981.

■ This does not, however, end the court's inquiry. Mr. McIver is correct in arguing that he also had a contractual relationship with Holmes Bank that barred Holmes Bank from settling in the manner that it did its dispute with First Bank; rather, Holmes Bank had a duty to pay *as per* the terms of the irrevocable letter of credit. There being no judicial finding that the letter of credit was unenforceable, Holmes Bank, acting on its own authority, modified the contract that it had with Mr. McIver. *See Barclays Bank D.C.O. v. Merceantile National Bank,* 481 F.2d 1224 (5th Cir.1973) (once an irrevocable letter of credit has been issued, it can be modified or revoked only after the beneficiary, the bank issuing the letter, and the customer who procured the letter of credit consent); *see* Fla. Statutes 675.5–114 which provides:

(1) An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary. The issuer is not excused from honor of such a draft or demand by reason of an additional general term that all documents must be satisfactory to the issuer, but an issuer may require that specified documents must be satisfactory to it.

*See also* Fla. Statutes 675.5–106 which further states:

(2) Unless otherwise agreed once an irrevocable credit is established as regards the customer it can be modified or revoked only with the consent of the customer and once it is established as regards the beneficiary it can be modified or revoked only with his consent.

The way in which Holmes Bank settled its controversy with First Bank, specifically, the purchase of Mr. McIver's note instead of the prompt payoff of that note, was, therefore, potentially in violation of Mr. McIver's contractual rights. Holmes Bank's breach of its contractual obligations, therefore, may create a cause of action for damages proximately resulting from this breach of contract.

■ The breach of contract by Holmes Bank on its letter of credit, however, does not affect the enforceability of the promissory note, which is a separate and distinct contract from the letter of credit contract. Mr. McIver has presented no evidence, other than the fact that Holmes Bank allegedly breached its contract with him to pay off the note, that would constitute a valid defense to a demand for payment of the note.[2] It is unquestioned that Mr. McIver made the note, he received $100,000 from First Bank and that he failed to pay in full the balance owing under the note. In addition, it is clear that First Bank and Fidelity are the present lawful possessors of Mr. McIver's note by reason of the assignments given them by the participants to this controversy. *See* Relevant Undisputed Facts, *supra.* There being no legal defense on the note, the court GRANTS plaintiffs' motion for summary judgment and awards to plaintiffs the sum of $198,739.68 in damages. Futhermore, since Holmes Bank is not a party to the present action, this court cannot pass upon the validity of any action Mr. McIver might have against Holmes

---

2. Mr. McIver argues that the doctrine of election of remedies mandates a finding by this court that the promissory note was extinguished when the Florida lawsuit was settled by First Bank and Holmes Bank. Mr. McIver cites to *St. Paul Fire & Marine Insurance Co. v. Michigan National Bank,* 660 F.2d 196 (6th Cir.1981), to support this position. After reviewing this decision, the court does not believe that Georgia law would apply its reasoning to the situation at bar. Clearly, First Bank was entitled to sell Mr. McIver's promissory note for consideration prior to its bringing the Florida action against Holmes Bank. The court is unaware of any

decisional law that would indicate that this right was somehow cut-off by the filing of the Florida action. Furthermore, this court does not understand how allowing suit on the promissory note will cause a double recovery under these facts. To the extent that *St. Paul* would find otherwise, this court refuses to accept that court's reasoning. *See American Commercial Lines, Inc. v. Valley Line Co.,* 529 F.2d 921 (8th Cir.1976) (decision allowing assignment of cause of action). Once assigned, therefore, Holmes Bank could pursue any and all rights that it had under the note.

Bank for failure to properly comply with the letter of credit issued by it to First Bank. Any award of damages for this alleged breach of contract would similarly be inappropriate.[3] There being no party before the court that committed any breach of contract with Mr. McIver, his motion for summary judgment is DENIED in its entirety.

Finally, the court has previously reserved judgment as to whether attorney's fees should be assessed against Mr. McIver for his failure to promptly respond to certain interrogatories propounded to him by plaintiffs. Based upon the court's decision today and the reasons given by Mr. McIver concerning the hiring of new counsel, the court believes that an award of fees would not be appropriate. Plaintiffs' motion for attorney's fees is, accordingly, DENIED.

---

**3.** The court does note as an aside, however, that Mr. McIver's potential breach of contract claim may be subject to a defense of fraud in the making of the letter of credit contract, which was initially alleged by Holmes Bank in its litigation with First Bank.