**FIRST STATE BANK & TRUST CO. OF VALDOSTA, et al.**

v.

**Bruce McIVER, Defendant.**

**Civ. A. No. 87–14–VAL (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

Oct. 31, 1988.

W.L. Miller, Valdosta, Ga., for plaintiffs.

William E. Whitlock, III, Tallahassee, Fla., for defendant.

## ORDER

OWENS, Chief Judge.

In this civil action commenced March 11, 1987, First State Bank & Trust Company of Valdosta, Georgia (First State Bank) and Fidelity & Deposit Company of Maryland (Fidelity & Deposit) sued defendant Bruce McIver for payment of Mr. McIver's July 1, 1977, $100,000.00 promissory note due July 1, 1978, to First State Bank. The collateral for Mr. McIver's note was a July 1, 1977, letter of credit issued by First Bank of Holmes County (Holmes Bank), Bonifay, Florida, signed by its president, Gary Cooey.

By October of 1977, Mr. Cooey had resigned as president of Holmes Bank because of the bank having discovered that he had issued this and other letters of credit—all totalling some $402,000.00—without consideration or collateral from the beneficiary and without authority of the bank board of directors or loan committee.

Mr. Cooey pled guilty in the United States District Court for the Northern District of Florida to three counts of "misapplying moneys and without authority from directors of the bank drawing a letter of credit, with intent to defraud ..." in violation of 18 U.S.C. §§ 656 and 1005. On July 6, 1978, Mr. Cooey was sentenced to five years, of which he was required to serve six months, with the balance suspended on probation. Restitution to Holmes Bank was also required in the amounts of $12,980.50, $49,925.00 and $60,000.00.

When Mr. McIver could not pay his note, First State Bank demanded payment of Holmes Bank's letter of credit. Holmes Bank advised its letter of credit was unauthorized and refused to pay. First State Bank sued Holmes Bank. In settlement, Holmes Bank paid $90,000.00 to First State Bank, received its letter of credit, was assigned Mr. McIver's note, and agreed future collections above $90,000.00 would be shared with First State Bank. Holmes Bank then assigned the McIver note to Fidelity & Deposit, which had paid the $90,000.00.

Holmes Bank, for itself and Fidelity & Deposit, sued Mr. Cooey for all his unauthorized acts and on April 12, 1982, secured a default judgment for $410,656.65 against Mr. Cooey.

In this civil action, plaintiffs First State Bank and Fidelity & Deposit moved for summary judgment on November 5, 1987. Defendant McIver, on January 4, 1988, also moved for summary judgment. All briefs and responses having been received, this court, by written order of March 4, 1988, granted plaintiffs' motion for summary judgment, 681 F.Supp. 1562. On March 9, 1988, judgment was entered against Mr. McIver for $198,739.68 of principal, interest and attorneys fees. On April 2, 1988, Mr. McIver filed a notice of appeal.

On May 20, 1988, Mr. McIver, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed a motion for relief from judgment, contending as follows: that unbeknownst to him, the $410,656.65 judgment against Mr. Cooey was satisfied on the public records of Holmes County on December 30, 1987; that on May 5, 1988, McIver first learned of the satisfaction; that the satisfaction is newly discovered evidence; and that the newly discovered evidence shows satisfaction of all claims Fidelity & Deposit had under McIver's note.

Pursuant to this court's order of July 11, 1988, and *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir.1976), the entire case was then remanded for consideration of defendant's Rule 60(b) motion.

After remand, plaintiffs, by affidavit of the attorney of record in the *Holmes Bank, et al. v. Cooey* civil action, showed that as a result of Mr. Cooey contacting him around November 3, 1987, Mr. Cooey offered to pay $40,000.00 in satisfaction of judgment. The offer was accepted and Fidelity and Holmes Bank divided the money based upon the ratio of judgment.

In his supplemental memorandum, Mr. McIver contends that Mr. McIver and Mr. Cooey should be viewed as either joint tortfeasors or joint obligors, and that regardless of how viewed the result is the same—full satisfaction of a judgment against one operates to release and satisfy any judgment against the other, citing Florida statutory and case law. He further contends that the satisfied judgment included the same damages for which this court's judgment was rendered, and that Fidelity cannot attempt to receive a second satisfaction for those same damages against Mr. McIver.

In opposition, plaintiffs contend that the December 30, 1987, publicly recorded satisfaction of judgment is not the newly discovered evidence contemplated by Rule 60(b)(2) of the Federal Rules of Civil Procedure, citing *Scutieri v. Paige*, 808 F.2d 785 (11th Cir.1987), and *Taylor v. Texgas Corp.*, 831 F.2d 255 (11th Cir.1987). They further contend that even if it were newly discovered evidence, Mr. McIver is neither a joint obligor nor tortfeasor and is, therefore, not entitled to have his judgment satisfied wholly or partially on account of Mr. Cooey's judgment being satisfied. Mr. McIver's obligation to First State Bank arises from his promissory note. Mr. Cooey's obligation to Holmes Bank and Fidelity & Deposit arises from his unauthorized acts. Plaintiffs contend that those are separate and distinct from each other and that payment by either Mr. Cooey or Mr. McIver of his obligations in no way reduces the obligation of the other. If it were otherwise, Mr. McIver would be "rewarded with a huge windfall as a consequence of not paying his debt." Plaintiffs' Memo of September 26, 1988.

Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Now that the "newly discovered evidence" has been fully disclosed and the court has more carefully considered the contentions of the parties, it is apparent that this court improvidently suggested "that it would be inclined to grant the motion if defendant McIver was able to show that the monies paid by Mr. Cooey were, at least in part, payment for damages resulting from the July 1, 1977, letter of credit issued in favor of the First State Bank of Valdosta, Georgia." That improvident suggestion resulted from a misapprehension of Rule 60(b) and of Florida law.

Instead of so stating, this court should have said that it would not be inclined to grant defendant's Rule 60(b) motion because evidence that is contained in the public records at the time a motion for summary judgment is being submitted and decided is not newly discovered evidence for purposes of Rule 60(b)(2) according to *Scutieri v. Paige*, 808 F.2d at 794 (11th Cir.1987), and because Rule 60(b)(5) does not apply since the judgment against Mr. McIver has neither been satisfied, released nor discharged. Mr. McIver is neither a joint obligor nor a joint tortfeasor with Mr. Cooey and is thus not released or otherwise benefited by Mr. Cooey having paid $40,-000.00 to satisfy the more than $400,000.00 judgment against him. See *Lapidus v. Citizens Federal Savings and Loan Association*, 389 So.2d 1057 (1980). See also plaintiffs' several briefs.

In addition, Mr. McIver having received $100,000.00 in cash on July 1, 1977, and having paid nothing other than a small amount of interest on the promissory note that he gave for that money which he has used for eleven years, it would be grossly inequitable to permit him to receive any benefit from the comparatively small sum that Mr. Cooey paid to satisfy Mr. Cooey's criminal conduct.

Accordingly, Mr. McIver's Rule 60(b) motion for relief from judgment is hereby DENIED.