A90A0635. FRANK MADDOX REALTY & MORTGAGE, INC. et al. v. FIRST NATIONAL BANK OF ATLANTA.

(395 SE2d 326)

SOGNIER, Judge.

First National Bank of Atlanta brought suit against Frank Mad-

dox Realty & Mortgage, Inc. and Frank Maddox to recover on a promissory note. The trial court granted the bank's motion for summary judgment and this appeal ensued.

1. Appellants contend the trial court erred by granting appellee's motion for summary judgment and denying their motion to dismiss made on the basis that appellee's suit was barred by the statute of limitation. Although the running of the statute of limitation is an affirmative defense, OCGA § 9-11-8 (c), we find no merit in appellee's argument in this court that appellants waived this defense since the record clearly reflects that appellants raised the statute of limitation in their motion to dismiss. See *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 345-346 (2) (a) (173 SE2d 723) (1970).

The promissory note in issue was signed in November 1980; the instant suit was instituted in February 1988. Despite appellants' arguments to the contrary, we agree with appellee that the promissory note here is indistinguishable from the contract in *Telfair Fin. Co. v. Williams*, 172 Ga. App. 489 (323 SE2d 689) (1984) and thus constituted a contract under seal for which the applicable statute of limitation is 20 years. OCGA § 9-3-23. Accordingly, the trial court did not err by denying appellants' motion to dismiss and granting appellee's motion.

2. Appellee's predecessor in interest had earlier brought suit against appellants on the note, which suit was later dismissed for lack of prosecution under OCGA § 9-2-60 (b). Such dismissal is not on the merits, see *Covil v. Stansell*, 113 Ga. App. 179 (2) (147 SE2d 479) (1966), nor is it res judicata so as to conclude adversely to appellee the cause of action itself. *City of Chamblee v. Village of N. Atlanta*, 217 Ga. 517, 523 (123 SE2d 663) (1962). The cases cited by appellants are inapplicable here where we have held that the suit by appellee was filed within the proper statute of limitation. See Division 1, supra.

3. We find no error in the trial court's grant of summary judgment to appellee on the promissory note. Contrary to appellants' argument, the record establishes the merger of appellee's predecessor in interest into appellee, and no written assignment of the promissory note was required to be produced. See *State Bank &c. Co. v. Newby*, 170 Ga. App. 865-866 (1) (318 SE2d 738) (1984). Appellants' argument regarding the usurious rate of interest charged a corporate debtor on a note executed in 1980 with the principal amount of the loan exceeding $3,000 is controlled adversely to them by former OCGA § 7-4-6 (in effect when the note was executed) and *Finlay v. Oxford Constr. Co.*, 139 Ga. App. 801, 802 (2) (230 SE2d 69) (1976). Appellants' argument regarding the failure of consideration is controlled adversely to them by OCGA § 11-3-408 and *J. M. Tull Indus. v. Reed*, 160 Ga. App. 89, 90 (286 SE2d 325) (1981). As to appellants'

remaining arguments, it appearing that appellee produced sufficient evidence to show its entitlement to summary judgment and appellants, in rebuttal, having proffered only appellant Frank Maddox's affidavit which consists principally of conclusory statements and the bare allegations presented in appellants' answer, we hold the trial court correctly granted summary judgment in favor of appellee. See *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 825-828 (2) (318 SE2d 657) (1984). See generally *Coleman v. McDonald's Corp.*, 185 Ga. App. 628, 629 (365 SE2d 282) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J.; concur.*

DECIDED JUNE 7, 1990 —
REHEARING DENIED JUNE 25, 1990 — CERT. APPLIED FOR.

*John L. Watson, Jr.*, for appellants.
*Kevin W. Sparger*, for appellee.