A94A2325. GEORGIA RECEIVABLES, INC. v. CHEATHAM et al.
(455 SE2d 375)

McMURRAY, Presiding Judge.

Georgia Receivables, Inc. (plaintiff), assignee to Great Southern Federal Savings Bank, brought an action against Robert C. Cheatham and Joyce H. Cheatham (defendants) to recover under a promissory note that was secured by defendants' automobile. Defendants filed an answer, pro se, contending that "normal repossession procedures were not followed, and [that] sale of collateral was not made in a commercially reasonable manner, [allegedly resulting in the sale of defendants' car] for less than 1/20 of value at time of sale." The trial court denied plaintiff's motion for summary judgment, finding that plaintiff "failed to establish the material facts of notice to the debtor of the disposition of the collateral, commercially reasonable manner of sale, and commercially reasonable terms of sale." The trial court later entered an order on its own motion, dismissing plaintiff's complaint based on expiration of the four-year statute of limitation prescribed by the Uniform Commercial Code in actions "for breach of a contract for the sale of goods. . . . O.C.G.A. Section 11-2-[725] (1)." This appeal followed. *Held:*

1. In its first enumeration of error, plaintiff asserts that the trial

court "abused its discretion and violated [plaintiff's] due process rights when it dismissed [the] Complaint without first providing [plaintiff] with notice and an opportunity to be heard." It is unnecessary to reach this contention because we agree with plaintiff's second enumeration that the trial court erred in dismissing plaintiff's complaint based on expiration of the four-year statute of limitation prescribed by OCGA § 11-2-725 (1). In this regard, plaintiff argues that the promissory note defendants executed (on December 30, 1986) is a contract under seal for which the applicable statute of limitation is 20 years. OCGA § 9-3-23.

"The promissory note [which is the subject of the case sub judice] is indistinguishable from the contract in *Telfair Fin. Co. v. Williams*, 172 Ga. App. 489 (323 SE2d 689) (1984) and thus constituted a contract under seal for which the applicable statute of limitation is 20 years. OCGA § 9-3-23. Accordingly, the trial court [erred in dismissing plaintiff's complaint because of expiration of the statute of limitation prescribed by OCGA § 11-2-725]." *Frank Maddox Realty &c. v. First Nat. Bank of Atlanta*, 196 Ga. App. 114, 115 (1) (395 SE2d 326).

Contrary to any inference in the special concurrence, it would not be prudent to suggest that defendants waived any defense of the statute of limitation. Defendants still have the right to assert such a defense (albeit unlikely in light of the disposition of this appeal) via motion to dismiss, motion for summary judgment, as well as special plea in their answer. *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 345 (2a) (173 SE2d 723). See also *Frank Maddox Realty &c. v. First Nat. Bank of Atlanta*, 196 Ga. App. 114, 115 (1), supra. The quote drawn by the special concurrence from *Searcy v. Godwin*, 129 Ga. App. 827, 829 (1) (201 SE2d 670), is not germane to the circumstances now before this court. Unlike the defendants in the case sub judice, the defendant in *Searcy* no longer had the option of filing a plea of the statute of limitation as he failed to do so before trial.

2. We reject plaintiff's contention that the trial court erred in denying its motion for summary judgment. To this extent, plaintiff presented no evidence piercing the defenses asserted in defendants' answer. See OCGA § 11-9-504 (3); *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595, 596 (281 SE2d 338). Further, plaintiff presented insufficient evidence to rebut the presumption that the value of the collateral is equal to the debt. *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595, 596, supra. Accordingly, the trial court was correct in finding that plaintiff "failed to establish the material facts of notice to the debtor of the disposition of the collateral, commercially reasonable manner of sale, and commercially reasonable terms of sale."

3. It is unnecessary to address plaintiff's remaining enumeration

of error in light of our holding in Division 1 of this opinion.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur specially.*

SMITH, Judge, concurring specially.

I concur specially because the trial court decided a question not yet before it, and it is not the function of this court to compound the error by addressing the merits of a question that should not have been addressed below at this stage of the litigation. Specifically, I do not reach the question of which, if any, statute of limitation *could* apply in this case, because no defense based on a statute of limitation has yet been raised below by the appellees.

Statutes of limitation provide *affirmative* defenses to an action, OCGA § 9-11-8 (c), and "[a] defendant may not avail himself of an affirmative defense which he failed to properly present." *Searcy v. Godwin*, 129 Ga. App. 827, 829 (201 SE2d 670) (1973). " 'The bar of the statute (of limitation) is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period.' [Cit.]" Id.

I am aware of no authority establishing that the affirmative defense created under OCGA § 11-2-725 (1) may not be waived. Moreover, it is not within the trial court's discretion to assert an affirmative defense sua sponte on the defendant's behalf, and that is precisely what happened here. Cf. *McLanahan v. Keith*, 239 Ga. 94 (236 SE2d 52) (1977). Even if this were not so, it remains that "[t]he purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense." *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346 (2) (a) (173 SE2d 723) (1970). A sua sponte dismissal without notice cannot serve this purpose.

Contrary to the majority's unsupported assertion, I have in no way suggested that the appellees are totally precluded from raising the defense of the applicable statute of limitation. I observe only that they are likewise not precluded from waiving its protection and that it is not for the trial court to assert defenses in this case on behalf of the appellees.

The trial court erred in dismissing this case based on an affirmative defense that was never raised by the appellees. For this reason I concur with the result reached by the majority in Division 1.

I am authorized to state that Presiding Judge Pope joins in this

special concurrence.

DECIDED MARCH 15, 1995.

*Frederick J. Hanna, Elizabeth C. Whealler,* for appellant.
Robert C. Cheatham, Joyce H. Cheatham, *pro se.*