A07A2137. UNAMI v. ROSHAN.
(659 SE2d 724)

BERNES, Judge.

Appellee, Hanif Roshan, filed this breach of contract action seeking to recover funds owed to him under the terms of a settlement agreement personally guaranteed by appellant, Madatali Unami

d/b/a Nice Check Cashing, Inc. Unami appeals the trial court's grant of summary judgment in favor of Roshan. Unami contends the trial court's decision was erroneous in light of evidence that Roshan breached a confidentiality provision of the settlement agreement. Because we conclude that the confidentiality provision was void as a matter of public policy, we find no error and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that Roshan and Unami's business partner, Akbar Ali, entered into a Settlement, Release, and Confidentiality Agreement ("the settlement agreement") under which Ali agreed to pay Roshan $75,000 no later than December 31, 2004 as payment and settlement for the discharge of a preexisting debt. The settlement agreement also contained a confidentiality provision under which the parties agreed not to disclose the terms or substance of the agreement to any other person. Unami personally guaranteed Ali's payment under the terms of the settlement agreement, and executed the agreement along with Roshan and Ali.

After the settlement agreement was executed, Roshan had a chance encounter at a grocery store with Arif Merchant. Merchant was the primary financial backer of a business operated by Unami and Ali. During the encounter, Roshan asked Merchant for Ali's contact information and disclosed that "[Ali] owed him monies from business dealings." When Merchant learned this information, he contacted Ali and demanded a full explanation of the indebtedness.

Unami and Ali had previously entered into a contract with Merchant providing that Merchant's funding of their business was contingent upon disclosure of all of the business's debts and upon there being no further debts incurred. The contract also required that Unami and Ali first approach Merchant for any loans or investment. After Merchant confronted Unami and Ali about his conversation with Roshan, they told Merchant about the settlement agreement and the debt owed to Roshan. Merchant deemed them to have breached the funding contract and consequently withdrew his funding of their business.

The business suffered financially as a result of the loss of funding. Although Ali had issued a post-dated check to Roshan pursuant to the settlement agreement, he stopped payment on the check and when Roshan presented the check for payment, it was dishonored.

Roshan filed suit against Unami to collect payment under the personal guaranty of the settlement agreement. Unami claimed that Roshan was not entitled to payment and alleged that Roshan had breached the confidentiality provision of the settlement agreement during his encounter with Merchant. Unami and Ali both admitted that the primary purpose of the confidentiality clause was to prevent Merchant from gaining knowledge of the debt owed to Roshan and to avoid what in fact did occur, i.e., the withdrawal of Merchant's funding for their business. Roshan filed a motion for summary judgment, which the trial court granted.

The trial court's order granting summary judgment failed to specify the precise reason for its decision. Nonetheless, "[a] grant of summary judgment must be affirmed if right for any reason, whether stated or unstated." *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007). Because we conclude that the confidentiality provision was void as a matter of public policy, we affirm the trial court's decision.[1]

"An illegal consideration consists of any act or forbearance, or a promise to act or forbear, which is contrary to law or public policy. It is a general rule that agreements against public policy are illegal and void." (Citation and punctuation omitted.) *Barger v. Garden Way, Inc.*, 231 Ga. App. 723, 724-725 (1) (a) (499 SE2d 737) (1998). See also OCGA § 13-8-2 (a). Even though there is no Georgia case law directly addressing the circumstances of this case,[2] it has been generally recognized that "a bargain which contemplates a wrong to a third person, or to undefined members of the public, whether trespass, breach of trust, or fraud, is illegal." 7 Williston on Contracts § 16:14 (4th ed.), citing Restatement (Second) of Contracts § 192 ("A promise to commit a tort or to induce the commission of a tort is unenforceable on grounds of public policy."). Likewise, "[a] bargain to refrain from disclosing to a third person, to whom a duty of disclosure exists, information of value or interest to him is illegal" and "a bargain necessarily involving a breach of a previous contract with another

---

[1] In light of our decision, the additional grounds argued by Unami need not be addressed.

[2] The contracts deemed as contrary to public policy include "but are not limited to" those designated in OCGA § 13-8-2 (a) (1) through (5). We have held that "public policy does not permit parties to enter into an enforceable agreement to keep arguably criminal matters secret in the face of an official investigation." *Camp v. Eichelkraut*, 246 Ga. App. 275, 286 (7) (539 SE2d 588) (2000). Similarly, a confidentiality provision cannot be used as a tool to defraud a third party.

party or tending to induce such wrongful non-performance" is illegal. Id. See also *Lachman v. Sperry-Sun Well Surveying*, 457 F2d 850, 852-854 (10th Cir. 1972); *S. R. & P. Import Co. v. American Union Bank*, 204 N.Y.S. 755, 755-756 (N.Y. Sup. Ct. 1924); *Bowman v. Parma Bd. of Ed.*, 542 NE2d 663, 666-667 (I) (Ohio App. 1988); *Eggleston v. Pantages*, 175 P. 34, 36-37 (Wash. 1918).

In this case, Unami and his business partner, Ali, had an existing contract with Merchant, the funding source of their business, which required them to disclose the indebtedness of the business to Merchant. Unami and Ali nevertheless entered into the settlement agreement establishing the debt to Roshan without Merchant's knowledge and admittedly sought to conceal their actions with the confidentiality provision. As such, the confidentiality provision was void as against public policy, and Unami was not entitled to judicial enforcement of the provision in order to shield himself from the payment obligation.

The remaining terms of the settlement agreement, however, were enforceable. "If the consideration is good in part and void in part, the promise will or will not be sustained, depending upon whether it is entire or severable." OCGA § 13-3-45. Here, the settlement agreement expressly provided that the unenforceability of any provision would not limit the operation, validity, or enforceability of any other provision of the agreement.

Moreover, we do not agree, as suggested by Unami, that the settlement agreement lacked consideration in the absence of the confidentiality provision. The consideration for the payment of funds, as set forth in the agreement, was the discharge and release of Ali, the principal, from "any and all claims, rights, causes of action, suits, debts, rents, commissions, fees, damages, liens, obligations, liabilities, demands, losses, costs and expenses" that he allegedly owed to Roshan. No further consideration for the guaranty was necessary since it was given in security of an existing debt. See *J. M. Tull Indus. v. Reed*, 160 Ga. App. 89 (286 SE2d 325) (1981). The consideration supporting the payment provision was separate and apart from the confidentiality provision. Thus, Ali's obligation to pay was enforceable notwithstanding the invalidity of the confidentiality provision. See *Dougherty, McKinnon & Luby, P.C. v. Greenwald*, 225 Ga. App. 762, 764 (1) (484 SE2d 722) (1997). And, as guarantor, Unami was obligated to pay the debt of Ali. See OCGA § 10-7-1; *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 231-232 (1) (461 SE2d 245) (1995). Accordingly, we affirm the trial court's grant of summary judgment in Roshan's favor.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 17, 2008.

*Jonathan R. Melnick*, for appellant.
*Paul S. Suda*, for appellee.