### 71934. EQUITABLE BANK v. BROWN et al.
(341 SE2d 300)

DEEN, Presiding Judge.

On March 30, 1984, the appellant, Equitable Bank (a Maryland bank), commenced this action against the appellees, Conrad Brown, Lynn Perkins-Brown, Energy Resources Applications, Inc., and Camp & Cruise, Inc., alleging that the appellees were indebted to it by reason of various notes, credit line agreements, and guarantees executed by the appellees. These monetary transactions all occurred in Maryland. On April 24, 1984, the appellees answered and counterclaimed, alleging that as a result of the appellant's negligent handling of checks deposited by the appellees they had suffered $500,000 in damages.

Eventually, the litigants entered into an agreement, which was made the order of the trial court on April 18, 1985, providing that the appellees were indebted to the appellant for the principal amount of the notes and lines of credit claimed. However, the issues of interest due and attorney fees, as well as the appellees' counterclaim, were expressly left for further adjudication. The appellant subsequently moved for summary judgment on the counterclaim, on the basis that the counterclaim was barred by the statute of limitations. After the trial court's denial of that motion, this interlocutory appeal followed.

*Held*:

The gravamen of the appellees' counterclaim was that the appellant bank had negligently failed to notify them of the dishonor of several checks deposited by the appellees, and because of that lack of timely notice the appellees had suffered irreparable business losses. (The deposits were revenues from certain sales of boats, which had been disposed of by the purchasers by the time the appellees had re-

ceived the notices of dishonor.) During February and March 1980, the appellees had deposited six checks totalling $41,247, all of which eventually were dishonored; the appellant bank had notified the appellees of the dishonoring anywhere from eight to twenty-eight days after the deposits. It appears that some of the delay resulted from the appellant's futile attempts to collect on the checks by re-depositing them before eventually notifying the appellees of their dishonor, although the appellees claim that they did not discover this until August 1981.

In the instant case, we find no reason not to apply the general rule in Georgia that this court's statutes of limitation will be applied to actions filed in its courts. Cf. *Indon Indus. v. Charles S. Martin Distrib. Co.*, 234 Ga. 845 (218 SE2d 562) (1975). In this case, the pertinent Georgia limitations period thus would be four years from the date the cause of action accrued. OCGA § 9-3-31. Under both Georgia law and Maryland law, the appellees' asserted cause of action, with regard to each check, accrued upon the notice of dishonor of the check; the appellees' late discovery of the reason for the appellant's delay in providing notices of dishonor resulted from the failure to investigate that tardiness, and does not alter the accrual date of any asserted cause of action. See *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 757 (250 SE2d 155) (1978), and *Poffenberger v. Risser*, 290 Md. 631 (431 A2d 677) (1981).

Of the six deposited and dishonored checks in this case, notice of dishonor was given on three of the checks on March 5, 18, and 25, 1980, respectively; notice of dishonor was given for two other checks on April 8, 1980, and for the last check on April 22, 1980. Even though the appellees' counterclaim was not filed until April 24, 1984, the trial court correctly concluded that the limitations period had not expired on the appellees' counterclaim, relative to these last three checks, since the appellant's complaint had been filed prior to the expiration of the regular limitation period for each check, thereby extending the limitation periods on these particular checks to the last day upon which the answer to the complaint could have been filed. OCGA § 9-3-97. Concerning the first three checks, however, the limitations period applicable to any claim for the negligent failure to notify of dishonor had clearly expired, and the appellees are now barred from asserting the claim to that extent.

*Judgment affirmed in part and reversed in part. Benham and Beasley, JJ., concur.*

DECIDED FEBRUARY 11, 1986.

*Allan R. Roffman*, for appellant.