## 76742. GOWEN et al. v. CARPENTER et al.
(376 SE2d 384)

SOGNIER, Judge.

We granted the application for interlocutory review filed by Dr. James Gowen, Dr. Carl Dohn, and Coast Associates of Obstetrics & Gynecology, P.C., from the trial court's denial of their motion for judgment on the pleadings in a suit brought against them by Glenda Sue Carpenter and her husband seeking damages for injuries arising out of the use of Bleier clips in a voluntary sterilization procedure performed on Mrs. Carpenter. Although the motion was denominated as a motion for judgment on the pleadings, the record reveals that matters outside the pleadings were presented to and not excluded by the court. Thus, the motion was converted into one for summary judgment and will be treated as such. OCGA § 9-11-12 (c).

1. Appellants contend the trial court erred by ruling in favor of Mrs. Carpenter on Count III of the complaint alleging battery for unauthorized operation. The facts in this case are virtually indistinguishable from those in *Gowen v. Cady,* 189 Ga. App. 473 (___ SE2d ___) (1988) and we find that case controls both appellants' arguments asserting the absence of genuine issues of fact and the statute of limitations argument adversely to appellants. As in *Gowen,* supra, Mrs. Carpenter presented evidence in the form of deposition testimony that when she requested a sterilization procedure be performed on her, she specifically directed that her fallopian tubes be "cut and tied." Mrs. Carpenter did not know anything about Bleier clips at that time, nor was she told a different method from the one she requested would be used in the performance of the sterilization. Appellants do not controvert that Mrs. Carpenter requested her tubes be "cut and tied" nor do they assert that she was informed to the contrary that Bleier clips would be used. Rather, as in *Gowen,* supra, they argue Mrs. Carpenter's request was a generic request for sterilization rather than a request for a specific method of sterilization. Under the authority of *Dohn v. Lovell,* 187 Ga. App. 523 (370 SE2d 789) (1988), it thus appears questions of fact exist whether Mrs. Car-

penter was given the "full and reasonable medical explanation" required by OCGA § 31-20-2 so as to entitle appellants to the exemption from all civil and criminal liability set forth in OCGA § 31-30-5, and appellants were not entitled to judgment on their motion. *Dohn*, supra at 526; *Gowen*, supra at 474 (2).

As to the statute of limitations argument made by appellants in regard to the battery claim, the record reveals that Mrs. Carpenter's operation was November 7, 1983; that although Mrs. Carpenter saw the term "Bleier clip" referenced in the bill she received for the operation, she did not know what a Bleier clip was and first learned that Bleier clips had been used as the method of sterilization in December 1984, subsequent to her discovery of her pregnancy; and that suit was filed June 27, 1986. The confusion demonstrated by the trial court and appealing party in *Gowen*, supra at 475 (3), is once again evidenced by appellants in this case. "An operation performed without the consent of the patient constitutes a technical battery for which a physician may be held liable. [Cit.] The statute of limitations for battery resulting from an unauthorized operation is the two-year statute of limitations for injuries to the person and the four-year statute of limitations for loss of consortium in OCGA § 9-3-33. [Cit.] Thus, OCGA § 9-3-71, which governs medical malpractice causes of action, does not apply insofar as the [appellees'] claims are concerned . . ." *Gowen*, supra at 475 (3). Mrs. Carpenter's claim for battery for unauthorized operation and Mr. Carpenter's claim for loss of consortium as a result of that battery upon his wife having been timely filed, the trial court did not err by denying appellants' motion.

2. Our reading of the trial court's order indicates the only aspects of appellees' complaint addressed therein were those claims based on the battery for unauthorized operation. However, both parties assert that a question of medical malpractice is involved regarding the failure of Dohn, the doctor who performed the actual surgery, to apply a Bleier clip to Mrs. Carpenter's left fallopian tube due to his reliance on Mrs. Carpenter's medical history form indicating her left ovary and left fallopian tube had been removed surgically years earlier. Conceding that an issue involving medical malpractice might have been drawn into the case by affidavits and depositions, we turn to that issue. However, we need not address appellants' arguments that they were entitled to summary judgment because no questions of fact remained as to the merits of the claim since we agree with appellants that they were entitled to summary judgment on the medical malpractice claim as a matter of law on the basis of the statute of limitations.

The applicable statute of limitations is OCGA § 9-3-71 (Ga. L. 1976, p. 1363) and under the controlling authority of *Gillis v. Palmer*, 178 Ga. App. 608, 609 (1) (344 SE2d 446) (1986), Mrs. Carpenter's

claim against appellants for the alleged wrongful act committed during the surgery in November 1983 is barred since it occurred more than two years before the instant action was filed. Mr. Carpenter's loss of consortium claim is likewise time barred. *Hamby v. Neurological Assoc.*, 243 Ga. 698 (256 SE2d 378) (1979). Under the facts of this case, *Gillis*, supra, is dispositive of all of appellees' arguments insofar as *Shessel v. Stroup*, 253 Ga. 56 (316 SE2d 155) (1984), is concerned. Further, from a review of the entire record on summary judgment, there is no evidence of any "act of fraud" on the part of appellants to toll the statute of limitations since Mrs. Carpenter does not assert Dohn knew her left fallopian tube had not been removed and she stated in her deposition that after the surgery in November 1983, although she spoke to a doctor associated with appellants about the child she had just borne, she never spoke to Dohn, and did not keep any of the post-surgical appointments made for her by appellants' office. Thus, the record reveals that there was no statement by appellants intimating fraud, or any opportunity on appellants' part to conceal the alleged negligence or to "lull" appellees into a sense of complacency in order to create a factual issue as to fraud. See *Gillis*, supra at 610 (2). Accordingly, the limitation period applicable to appellees' claim having clearly expired and appellants being entitled to summary judgment as a matter of law, the trial court erred by denying their motion insofar as that issue is concerned. See generally *Equitable Bank v. Brown*, 177 Ga. App. 776, 777 (341 SE2d 300) (1986); *McLean v. Gray*, 180 Ga. App. 794 (350 SE2d 815) (1986).

*Judgment affirmed in part; reversed in part. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 10, 1988.

*Dillard & Landers, Terry A. Dillard, Bryant H. Bower, Jr.,* for appellants.

*Douglas W. Alexander, M. Elaina Massey,* for appellees.