A92A0178. KAPLAN et al. v. BLANK et al.
(419 SE2d 127)

CARLEY, Presiding Judge.

Prior to the delivery of her child, appellant-plaintiff Mrs. Susan Kaplan signed a written consent to the performance by appellee-defendant Dr. Stephen Blank of a cesarean section and a possible hysterectomy. Immediately following the delivery, appellee determined that a hysterectomy would not be necessary. However, appellee did perform a bilateral tubal ligation after obtaining only oral consent thereto. Subsequently, appellant and her husband initiated the instant tort action against appellee and his professional corporation, basing their claim upon the lack of any written consent to the performance of the tubal ligation. After discovery, appellants moved for partial summary judgment as to the issue of appellees' liability. Although the trial court denied the motion, it did certify its order for immediate review. Pursuant to this court's grant of appellants' motion for an interlocutory appeal, they bring the instant appeal from the denial of their motion.

1. "A cause of action for battery exists when . . . treatment is performed [by a physician] without the consent of, or after withdrawal of consent by, the patient. [Cits.]" *Joiner v. Lee,* 197 Ga. App. 754, 756 (1) (399 SE2d 516) (1990). Under the general provisions of the Georgia Medical Consent Law, OCGA § 31-9-1 et seq., a patient's consent to surgical or medical treatment need not be obtained in writing. OCGA § 31-9-2 (a); *Spikes v. Heath,* 175 Ga. App. 187, 188 (2) (332 SE2d 889) (1985). However, the Georgia Medical Consent Law "specifically excludes sterilization procedures, [which] must be governed by the 'existing law independently of the terms and provisions of [OCGA 31-9-1 et seq.]' [Cit.] The 'existing law' is found in the language of the Voluntary Sterilization Act[, OCGA § 31-20-1 et seq.]. . . ." *Robinson v. Parrish,* 251 Ga. 496, 497 (306 SE2d 922) (1983).

Under the Voluntary Sterilization Act, "[i]t shall be *lawful* for any physician to perform a sterilization procedure upon a person 18 years of age or over, . . . *Provided* that a request in *writing* is made by such person. . . ." (Emphasis supplied.) OCGA § 31-20-2. "When an operation shall have been performed in *compliance* with [the Voluntary Sterilization Act], no physician . . . shall be liable civilly or criminally as a result of such operation . . . , except in the case of negligence in the performance of such operation." (Emphasis supplied.) OCGA § 31-20-5. When, however, a sterilization procedure has *not* been performed in compliance with the consent requirements of the Voluntary Sterilization Act, the procedure was not otherwise lawfully performed and a physician may be held liable for the commission of a battery. *Gowen v. Carpenter,* 189 Ga. App. 477 (1) (376 SE2d 384) (1988); *Gowen v. Cady,* 189 Ga. App. 473 (2, 3) (376 SE2d 390) (1988).

" 'Sterilization procedure' means any procedure which is designed or intended to prevent conception and which is not designed to unsex the patient by removing the ovaries or testicles." OCGA § 31-20-1 (3). A tubal ligation obviously constitutes such a "sterilization procedure." However, appellees did not obtain any *written* consent prior to the performance of that procedure.

Relying upon OCGA § 31-20-5, appellees urge that they nevertheless incur no liability for the failure to obtain written consent. That statute provides: "Nothing in [the Voluntary Sterilization Act] shall be construed so as to require compliance therewith where medical or surgical treatment for *sound therapeutic purposes* . . . is required of any person in this state and where such treatment, *at the same time that it serves such purposes,* may involve the nullification or destruction of reproductive functions." (Emphasis supplied.) This statute obviously contemplates the case wherein the ultimate loss of reproductive functions is merely *incidental* to a course of treatment which is otherwise beneficial to the patient's over-all general non-reproductive health. It is undisputed that the *only* purpose served by the performance of the tubal ligation in the instant case was to prevent a *future* pregnancy and that it served *no* sound therapeutic purpose which was of any *immediate* benefit to appellant Mrs. Kaplan's non-reproductive health. The purpose of *every* sterilization procedure is the prevention of a future pregnancy and to hold that such a purpose, standing alone, constitutes a "sound therapeutic purpose" within the meaning of OCGA § 31-20-5 would effectively *negate* the Voluntary Sterilization Act. Even if a pregnancy might be detrimental to the patient's general health, a *future* pregnancy can certainly be avoided by means less extreme than undergoing a sterilization procedure. Accordingly, mere avoidance of a future pregnancy is no viable basis for obviating the requirement that the physician obtain the patient's written consent to performance of a sterilization procedure and give

"a full and reasonable medical explanation . . . as to the meaning and consequence of such operation." OCGA § 31-20-2.

It is undisputed that appellees performed a sterilization procedure without obtaining the written consent mandated by the Voluntary Sterilization Act. Accordingly, the procedure was performed without the requisite consent necessary to insulate appellee from liability for the commission of a battery. It follows that the trial court erred in denying appellants' motion for partial summary judgment as to appellees' liability for the battery that was committed.

2. The trial court did, however, correctly deny appellants' motion for partial summary judgment as to appellees' liability under a professional negligence theory. There appears to be no contention that appellees were negligent in the treatment that was provided. The only contention is that appellees performed a sterilization procedure to which the requisite consent was not given. Oral consent to a sterilization procedure is *no* consent under the Voluntary Sterilization Act. "Although [this] suit is against a physician and [his professional corporation] for conduct within the scope of the relationship of a physician to his patient, [it appears that the] determination [of such suit] depends, not upon the principles applicable to actions for negligence or malpractice, but upon the rules relating to a suit for damages growing out of a trespass alleged to have been committed upon the person of [appellant Mrs. Kaplan]." *Mims v. Boland*, 110 Ga. App. 477, 481 (1a) (138 SE2d 902) (1964).

*Judgment affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED MAY 19, 1992 —
RECONSIDERATION DENIED JUNE 1, 1992.

*Jordan & Bodner, Leigh R. Bodner,* for appellants.
*Alston & Bird, Bernard Taylor, Harold W. Jordan II,* for appellees.