## 51575. WATSON v. THE STATE.

EVANS, Judge.

Defendant was indicted with another for selling Phencyclidine, a controlled substance. She was tried, convicted and sentenced to serve 4 years and 11 months. Defendant appeals. *Held:*

1. The principal witness against defendant was an undercover agent, a veteran of Vietnam. In his opening statement the special prosecuting attorney, who was a district attorney emeritus, with many years experience, made many remarks about the drug problem in the county. Of course the experienced prosecuting attorney knew that much damage may be done in an opening statement, and that an opening statement is limited to the statement of what the state expects to prove. Where matters are stated which relate to evidence that is not admissible in evidence, it constitutes harmful error. And often such remarks may be made, and then apologized for, with the damage already done, so greatly damaging in fact it can not be removed. The prosecuting attorney made many remarks about how his principal witness, an undercover agent, volunteered to help stamp out the drug evil. He also referred to said witness having come forward to volunteer his services; that he had been connected with drugs and wanted to help with the drug problem; and wanted to show he was no longer connected with drugs; that he had served in Vietnam; had taken drugs but had resolved to quit and that he volunteered his services. Defense counsel immediately moved for a mistrial upon the grounds that the remarks of prosecuting counsel about the aforementioned matters were totally irrelevant and immaterial to the case, and violated those factors which are spelled out in Code § 81-1009; that same was prejudicial and inflammatory and was designed to inflame the minds of the jury against the defendant.

The motion for mistrial was denied, and the court allowed the prosecuting attorney to make the statements to the jury as to the drug problem in the county and the reasons the undercover witness came forward to offer his services for the purpose of stamping out the drug evil in said county. It is quite clear that the prosecuting attorney

was trying to make the jury believe that one of the issues in the case was whether drug abuse is an evil that should be stamped out, and whether the state's witness was pure in heart and a very unusual and wonderful person to be willing to crusade and offer his services in this contest between good and evil. And if the jury had found the witness to be like Sir Galahad, whose strength was as the strength of ten because his heart was pure, of course the jury could not fail to believe the testimony of such a witness.

Defense counsel was wide-awake and did not let this attempted erroneous conduct go by without making prompt objection. Of course these two matters were not issues; the remarks of counsel were totally improper, prejudicial and irrelevant, and the court should have promptly taken measures to remedy the wrong that was done the defendant. But the court overruled the objections, all of which were reversible error. See *Moorehead v. Counts,* 130 Ga. App. 453, 455 (1) (203 SE2d 553); *Berry v. State,* 10 Ga. 511 (6); *Mitchum v. State,* 11 Ga. 615 (7), 635; *Heard v. State,* 210 Ga. 108 (1) (78 SE2d 38); *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602). The court erred in refusing to grant the motion for mistrial.

2. Special prosecuting attorney was an experienced lawyer (a retired district attorney emeritus) and knew that lie detector tests are not admissible in the courts of Georgia. Nevertheless, he sought to inject this into the case in his opening argument by suggesting the state's main witness had been granted a polygraph test. When the court ruled that this was improper, counsel apologized. But how much harm had been done and how was that harm removed? We find at the very outset that unless defense counsel had been alert and on his toes, state's counsel was going to inject inadmissible and improper matter into the case, and so known because of his experience. Suppose defendant had been represented by unqualified or inexperienced or timid counsel, it can be readily seen how far the prosecuting attorney was willing to go until stopped. It is quite true that when objection was made, counsel for state (district attorney emeritus) said "I apologize" — but no one knew better than the prosecuting

attorney that the damage had already been done, and no one knew better than he that the statement in opening remarks (of what he expected to prove) was inadmissible and illegal because under no circumstance would he be allowed to prove the polygraph or lie detector test in the courts of Georgia.

3. The state offered testimony by the sheriff of the county and the undercover agent which included the following: a. That there was a bad drug problem in the county in 1975; b. As to telephone conversations between the sheriff and the undercover agent (to which defendant was not a privy or party, and was not present and had no way of knowing what was said); and c. As to what the undercover agent had seen in Vietnam and as to what occurred to a narcotic addict there.

Prompt and proper objections were made by defendant's counsel as each item of the above was offered, but each was overruled. None of this testimony was admissible. Suppose there was no drug problem in a county, and only one defendant was even indicted. Could that defendant offer evidence that there was no drug problem in the county? How could anything that happened in Vietnam be relevant to this case unless the defendant himself had participated therein? Can two state officers talk to each other on the telephone and then offer that conversation in evidence against a defendant, without violating the hearsay rule? These questions are simple, and the answers are obvious. The testimony was inadmissible; the defendant's objections should have been sustained, and the court's failure to do so was in each instance reversible error.

4. The objection to the expert testimony by the forensic chemist of the Georgia State Crime Laboratory that he found the pills delivered to him contained Phencyclidine, or PCP, was properly admitted. Objection was made that it was based upon lack of qualification, and improper foundation for the admission of this testimony. This witness had stated his qualifications, and it was for the court to determine if the witness was properly qualified after stating his competency as an expert. *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632); *Johnson v. State,* 130 Ga. App. 704 (204 SE2d 302).

5. The testimony of the undercover witness in explaining how he worked in connecting with "buys" was highly prejudicial and inflammatory and did not in any degree explain the conduct of the witness in buying drugs here from the defendant. The court erred in refusing to grant a mistrial after allowing all of this testimony as to the activities of this undercover agent with other persons in the county. This was totally irrelevant with regard to the case sub judice. It is quite apparent that the state was trying to show that undercover agent had bought illegal drugs from others in the county, therefore this defendant was guilty.

6. The court did not err in allowing in evidence the drugs themselves even though the expert witness had not examined each and every pill and determined same to be Phencyclidine.

7. There is no merit in the motion for directed verdict based upon a fatal variance between the allegata and the probata, as there was positive evidence that some of the pills contained the drug Phencyclidine even though the indictment charged both defendants with selling, and the evidence was against only this defendant.

8. The examination by state's counsel of the character witness to determine if his opinion would be the same of the defendant if he knew she was an associate of a person *who had already been convicted of selling narcotic drugs* was subject to the objection of being highly inflammatory, prejudicial and suggestive of facts not in evidence. There was no showing that defendant associated with another who was indicted and convicted under the Georgia Controlled Substances Act. The state tried to prove such a conviction, but this evidence was specifically excluded by the court. The state is allowed to cross examine a witness as to what that witness has said to test the witness' knowledge. See *Weldon v. State,* 84 Ga. App. 634 (66 SE2d 920); *Julian v. State,* 134 Ga. App. 592 (5) (215 SE2d 496). But there was no testimony the defendant was associating with one convicted of drug violations. It was error to allow such prejudicial and unwarranted cross examination.

9. The prosecuting attorney having stated in his place that the evidence he sought to submit in rebuttal of a

witness was newly discovered evidence, because he was not aware of the necessity to rebut any testimony was sufficient to allow this witness to testify under Code Ann. § 27-1403. *Vinson v. State,* 127 Ga. App. 607, 608 (2) (194 SE2d 583).

10. There was no error in allowing this same witness to testify that shortly after the registration at the motel, the same room where the girl was supposed to be, called the switchboard for the room where the two men were supposed to be registered. This information was within his knowledge and was not hearsay.

11. The court did not err in allowing a witness to testify that another witness signed the registry at the motel, since he was testifying as to what he knew even though the highest and best evidence as to what the card contained was the registration card itself, which was in evidence. This was not hearsay testimony as contended by the defendant.

12. The court erred in allowing testimony as to telephone communications between a Wanda Watson and the motel, since it was never shown that said communications were with the defendant. This witness did not know the defendant as Wanda Watson nor did he know any other Wanda Watson, although he was familiar with the name of another Wanda Watson living in Forsyth County. This testimony as to the telephone communication should have been excluded. This testimony should not have been allowed in evidence, was highly prejudicial, and the court erred in failing to exclude it.

13. The court did not err in allowing the guest registry card, and the daily report of room earnings, to be introduced in evidence as business records. The witness' testimony showed that it was properly identified, was made in the regular course of business, it was the regular course of business to make such records, and that the records were made at the time of the transaction or within a reasonable time thereafter. See *Martin v. Baldwin,* 215 Ga. 293, 294 (4) (110 SE2d 344).

14. As to the objection that perhaps the house president had fudged on the sign-in cards "if it was like it was over at the University of Georgia," this question was

withdrawn by the prosecuting attorney. The court did not err in overruling the motion for mistrial. Under the circumstances there was no need to rebuke counsel nor instruct jury to disregard the question.

15. The court sustained an objection to state's Exhibit 2 while the jury was out of the room. This was an indictment against one Ronnie A. Redd, an alleged acquaintance of the defendant. Thereafter, when the jury had returned to the room, the court instructed the jury that it had sustained this objection and explained to them that it was *"an indictment against Ronnie A. Redd on two counts of violating the law and the verdict thereon."* This was tantamount to the court giving testimony to the jury as to what this document contained when he had excluded it specifically from the jury. The court should not become a witness in the case in any manner, and this was error.

16. In the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence. *Vandable v. State,* 127 Ga. App. 306, 307 (2) (193 SE2d 197) and cits. Therefore, there is no merit in enumeration of error 22.

17. For the reasons stated in Divisions 1, 3, 5, 8, 12, and 15 showing error, a new trial is necessary in this case.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED JANUARY 22, 1976 — REHEARING DENIED FEBRUARY 10, 1976 —

*Alfred D. Fears, Watson, Brown, Foster & Keller, George T. Brown, William Buford Mitchell,* for appellant.
*George D. Lawrence, District Attorney Emeritus, Edward E. McGarity, District Attorney, Kenneth Ray Waldrop, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

Division 16 of the opinion is rewritten as shown in the opinion. The court adheres to its ruling of reversal under all but Division 16.