61899. JONES et al. v. THE STATE.

SOGNIER, Judge.

Clarence and Katheryn Jones were tried jointly and convicted of burglary.

1. Appellant Katheryn Jones contends it was error to deny her motion for a directed verdict of acquittal. Evidence was presented showing that Katheryn Jones was a participant in the events leading up to, and following, the burglary of which she was convicted. The evidence did not demand a verdict of acquittal or not guilty and hence, the trial court did not err in denying the motion for a directed verdict of acquittal. Code Ann. § 27-1802; *Gregg v. State,* 233 Ga. 117 (3) (210 SE2d 659) (1974).

2. Appellants next contend that it was error for the prosecutor to comment in closing argument that three law enforcement officials, who were not witnesses, believed the state's chief prosecution witness because the officials signed a grant of immunity for the witness. It is our opinion that such a comment was improper and should have been stricken from the record with a cautionary instruction to the jury, since the remark was not a proper deduction from the fact that the

grant of immunity was signed. However, in determining whether the uncorrected argument of counsel resulted in a miscarriage of justice, "[t]he proper standard for such a determination is the ' "highly probable test," i.e., that it is highly probable that the error did not contribute to the judgment.' [Cit.]" *Sanford v. State,* 153 Ga. App. 541, 542 (1) (265 SE2d 868) (1980). The evidence of appellants' guilt in this case is overwhelming, since the chief prosecution witness was an accessory before and after the fact. Hence, we conclude that it is highly probable that the error did not contribute to the verdict.

3. Appellants contend the trial court erred by failing to give two of their requests to charge. The first request to charge related to a defense counsel's right and duty to fully investigate a case and to interview witnesses who can assist in ascertaining the true facts. Appellants contend that because the chief prosecution witness refused to talk to defense counsel, the requested instruction should have been given by the court. However, the requested instruction related to a defense counsel's duty to his client, and had nothing to do with refusal of a witness to talk to counsel. When a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Paxton v. State,* 159 Ga. App. 175 (1981).

In regard to appellants' request to charge that an accomplice's testimony must be scanned with care and treated with caution, the trial court charged the jury fully and completely on accomplice testimony, including a charge that a person cannot be convicted on uncorroborated accomplice testimony. "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. [Cit.]" *Kelly v. State,* 241 Ga. 190, 191-192 (4) (243 SE2d 857) (1978).

4. Denial of the motion for a new trial was proper for the reasons set forth above.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 16, 1981 —
REHEARING DENIED SEPTEMBER 25, 1981

*Randall M. Clark,* for appellants.
*Glenn Thomas, Jr., District Attorney, John Johnson III, Assistant District Attorney,* for appellee.