## 68325. LEWIS v. THE STATE.
(321 SE2d 812)

SOGNIER, Judge.

Appellant was convicted of armed robbery. On appeal appellant makes the unusual contention that the State erred by preventing objections to proposed testimony that would place appellant's character in issue. Appellant also contends the court failed to allow appellant sufficient time to call defense witnesses.

1. In regard to placing appellant's character in issue, the State interrupted their witnesses to prevent the witnesses from answering questions which might have placed appellant's character in issue. Appellant made no objection on the two occasions complained of, either in the first instance when the State withdrew a question, or the second instance when appellant's cross-examination of a state witness was interrupted to prevent the possibility of improperly placing appellant's character in issue.

Appellant's contention that the State *prevented* error by assuring that appellant's character was *not* placed in issue, thereby depriving appellant of the right to object and move for a mistrial, is wholly without merit. Since appellant made no objection to the procedure followed at trial, there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

2. Appellant contends the trial court erred by denying him time to call an alibi witness. This enumeration is not supported by the transcript.

The trial court assured itself on the record that appellant had been advised by his counsel of appellant's right to subpoena witnesses, that he had about two weeks to do so prior to trial, and it was appellant's decision not to call his father or sister as a witness because appellant did not feel their appearance was necessary. Additionally, the trial court offered appellant time to call his father and sister as witnesses, but appellant declined. As this court cannot consider factual representation in a brief not supported by the record, *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980), this enumeration of error is without merit.

*Judgment affirmed. McMurray, C. J., and Deen, P. J. concur.*

DECIDED SEPTEMBER 10, 1984.

*N. Glenn Perry*, for appellant.
*Thomas H. Pittman, District Attorney, Leonard M. Geldon, David E. Perry, Assistant District Attorneys*, for appellee.