### 73445. McLEAN v. GRAY.
### (350 SE2d 815)

BANKE, Chief Judge.

The plaintiff sued to recover for the defendant's alleged breach of a written contract to purchase all the inventory of the Treasure Chest, a retail business formerly owned and operated by the plaintiff. The defendant moved to dismiss the action on the ground that it had not been brought within the 4-year limitation period made applicable by the UCC to contracts for the sale of goods. See OCGA § 11-2-725 (1). The plaintiff then amended her complaint to allege that the contract was under seal and on this basis argued that suit was not governed by the UCC limitation period but by the 20-year limitation period applicable to actions on sealed instruments. See OCGA § 9-3-23. Apparently agreeing, the trial court denied the defendant's motion to dismiss. We then granted the defendant's application for an interlocutory appeal. *Held:*

It is undisputed both that the contract was for the sale of goods and that more than four years had elapsed between the time of its alleged breach and the filing of the present action. The plaintiff's contention that the UCC limitation period does not apply to contracts under seal conflicts squarely with OCGA § 11-2-203, which provides as follows: "The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer." We reject the plaintiff's argument that this code section merely restates the preexisting law that the affixing of a seal to the signatures of the parties to a contract does not constitute the writing a sealed instrument unless a recital is contained in the body of the contract to the effect that it is a sealed

instrument. See OCGA § 9-3-23; *Jolles v. Wittenberg*, 148 Ga. App. 805, 806-807 (253 SE2d 203) (1979). Such an interpretation would not only render OCGA § 11-2-203 entirely superfluous, it would contradict the plain wording of the statute that "the law with respect to sealed instruments does not apply" to contracts for the sale of goods. Accordingly, we hold that the trial court erred in denying the defendant's motion to dismiss the complaint.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1986.

*Robert H. Revell, Jr.*, for appellant.
*Norman J. Crowe, Jr.*, for appellee.