## 77013. FRANKS v. THE STATE.
(372 SE2d 831)

BENHAM, Judge.

Appellant was convicted of kidnapping, armed robbery, and robbery by intimidation. On appeal he asserts the trial court erred when it sustained the State's objection to a portion of appellant's opening statement and denied appellant's subsequent motion for mistrial.

1. The State voiced an objection during appellant's opening statement, made at the close of the State's case, when appellant's counsel began to recount the testimony of the State's witnesses. The trial court informed appellant's counsel that he was "allowed to state what the evidence shows from what the defense is going to present in evidence." When given the opportunity to continue under that guideline, appellant's counsel announced he had nothing further to say. Appellant contends he was denied a fair trial because his attorney was limited in his opening statement to commenting only on what would be shown by evidence presented by the defense.

" '(C)ounsel for both parties in either a civil or criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial. [Cit.]' " *Johnson v. Jackson*, 140 Ga. App. 252 (2) (230 SE2d 756) (1976). The purpose of the opening statement is to inform the jury and the court of the nature of the case, and to give an outline of the proof the party anticipated presenting. Recounting the evidence already presented and suggesting the conclusion demanded by that evidence is the subject matter of closing argument. The trial court appropriately exercised its discretion in limiting counsel's "range of comment." See *Mathis v. State*,

171 Ga. App. 620 (2) (320 SE2d 861) (1984).

2. After calling several witnesses, appellant made a motion for mistrial, citing as its basis the trial court's ruling discussed in Division 1. A motion for mistrial not made contemporaneously with the alleged misconduct is not timely. *Favors v. State*, 145 Ga. App. 864 (2), (4) (244 SE2d 902) (1978). See also *Garner v. State*, 180 Ga. App. 146, 147 (348 SE2d 690) (1986).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Michael C. Clark*, for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.