## S89A0609. PETERS v. THE STATE.
(388 SE2d 522)

BELL, Justice.

The appellant, Robert Peters, was convicted of the felony murder of his common-law wife, Connie Jean Corbin.[1] He now appeals, contending that the state improperly commented on his right to remain silent, and that the evidence is insufficient to support the verdict. We affirm.

At the time of the crime Peters and Corbin lived in a trailer with Corbin's sister (Jo Ann Harper), Harper's boyfriend (Earl Glaser), Harper's daughter, and Harper's two grandchildren. Peters and Corbin had been living together about 10 years. On Sunday morning, March 11, 1989, Corbin told Harper that Peters and Corbin had argued Saturday night and that Peters had hit Corbin. Corbin showed

---

[1] The crime occurred on March 13, 1989. Peters was indicted on April 10, 1989. A jury found Peters guilty on April 26. Peters filed his notice of appeal on May 4, 1989. The court reporter certified the transcript on September 14, 1989. The case was docketed in this court on September 26, and submitted for decision on briefs on November 10, 1989.

Harper bruises on her back, neck, and arms. She told Harper that the night before she had asked Peters to leave and planned on asking him again.

The next day, Peters and Glaser stayed home and drank about a case of beer. Peters told Glaser that being married to Corbin for 10 years was too long. The following day, Peters again stayed at the trailer and drank beer. That evening, Corbin again asked Peters to leave. Later, after everyone had gone to bed, witnesses heard Corbin tell Peters to let go of her arm. Harper went to Corbin's bedroom and saw Peters holding Corbin's arm. Corbin went to the living room for a short time and then returned to the bedroom. Shortly thereafter, several residents of the trailer heard Corbin screaming for help. Harper went to Corbin's bedroom, where she saw Corbin lying on the bed and Peters standing over her and pointing a shotgun at her face. Harper told her daughter to call the police. The trailer did not have a phone, but a pay phone was located just outside the trailer. Harper then went into the kitchen to look outside to make sure her daughter was calling the police. Harper heard a gunshot, and turned around and saw Corbin fall into the hallway. Glaser then asked Peters for the gun, and Peters asked Glaser if Glaser "wanted it next." Glaser reached out and took the shotgun from Peters, and the police arrived shortly thereafter.

Medical testimony indicated that Corbin died of a gunshot wound to the back, and that she had numerous bruises on her chest and arms. Moreover, Kelly Fite of the state crime lab testified that the muzzle-to-target distance was eight to ten feet, and that the type of shotgun used by Peters would not fire accidentally.

Peters testified that he was disassembling the shotgun when it accidentally discharged, shooting Corbin. He admitted he and Corbin had argued, but he added that they had discussed moving into their own trailer.

1. Peters argues that the evidence is insufficient to support the verdict. However, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Peters guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Peters also contends that the district attorney improperly commented on his right to remain silent. Specifically, he points to cross-examination and closing argument by the district attorney regarding why Peters did not tell the arresting officers that he shot Corbin accidentally. However, Peters failed to object to the questioning and argument and may not now raise the issue on appeal. *Shearer v. State*, 259 Ga. 51, 52 (6) (376 SE2d 194) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1990.

*Robert Daniel Pope,* for appellant.
*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.