## S92A0380. LYON v. THE STATE.
(416 SE2d 523)

FLETCHER, Justice.

Steve Larry Lyon was convicted of the felony murder of his girl friend, Deborah Ann Drew, and was sentenced to life imprisonment. He appeals and we affirm.[1]

---

[1] The crime occurred on October 2, 1988 and Lyon was indicted for murder and felony

1. Lyon contends that the trial court erred by failing to grant his motion for a directed verdict. We reject this contention as the evidence was sufficient to authorize the jury to find that the victim's death was caused by injuries inflicted upon her during the underlying felonies of aggravated sodomy and aggravated assault. Accord *State v. Cross*, 260 Ga. 845 (2) (401 SE2d 510) (1991); *Durden v. State*, 250 Ga. 325, 329 (297 SE2d 237) (1982). Having also considered the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Lyon guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lyon argues that the charge on voluntary manslaughter was error because there was not even slight evidence that his actions towards the victim were the result of a sudden, violent and irresistible passion resulting from serious provocation. Whether there was such evidence was a question of law for the trial court to determine. *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). Having reviewed the evidence, we conclude that the trial court did not err in determining that a charge as to voluntary manslaughter should be given.

3. Lyon next contends that the trial court erred by not declaring a mistrial in response to four instances of prosecutorial misconduct.

(a) In the first incident, the state sought to have Lyon admit that he and his attorney had "conspired about this knife story." His counsel immediately objected that the question was "out of place and misleading." The trial court agreed and informed the state that the question was "improper," "implies unethical conduct on the lawyer's part," and was not "called for." Lyon made no further objection.

Shortly thereafter, the state began asking Lyon to go into details of his conversation with his attorney concerning the knife that Lyon contended had been involved in the fight between himself and the victim. Defense counsel objected that such was a "violation of attorney-client privilege" and asked the court "to admonish counsel to lay off." The court informed the state that its questions were "improper," admonished the state about such questions, and asked the jury to disregard the statements. Again, Lyon made no further objections and made no further requests of the court.

Trial courts have broad discretion in handling matters such as these and, here, the court granted the relief Lyon requested. "In no

murder on June 21, 1989. Trial began on October 2, 1989; the jury returned a verdict of guilty as to felony murder on October 6 and Lyon was sentenced on that same day. On November 6, 1989, a motion for new trial was filed by trial counsel. The motion was amended by appellate counsel on March 6 and on May 1, 1991. The motion was denied on October 10, 1991 and the notice of appeal was filed on November 9, 1991. The case was docketed in this court on December 31, 1991 and was orally argued on March 9, 1992.

case will the trial judge's ruling be reversed for not going further than requested." *Brooks v. State*, 183 Ga. 466, 469 (188 SE 711) (1936).

(b) Lyon complains that it was improper for the state to question him as to why he had not told police about the knife and the fact that the victim had attacked him with the knife. He also complains that the state made improper remarks during closing arguments. These issues were not preserved for appeal as no objections were made at the time they occurred at trial. *Peters v. State*, 259 Ga. 828, 829 (388 SE2d 522) (1990).

4. Lyon argues that the trial court erred by admitting into evidence a videotape of the crime scene. Because the videotape was not made a part of the record on appeal, this enumeration will be deemed abandoned.

5. Lyon asserts that his trial counsel was ineffective. Although trial counsel filed the original motion for new trial and did not assert the effectiveness issue, appellate counsel was appointed prior to a ruling on the motion and amended the motion to include such issue. At the hearing on the motion, the issue of the effectiveness of trial counsel was argued at length. The trial court denied the motion thereby deciding the effectiveness issue adversely to Lyon. The record reflects that the trial court did not abuse its discretion as to this issue.

6. Lyon's final enumeration concerns the presence of the investigating officer at counsel table for the state. Since Lyon did not object to the officer's presence, he waived the issue.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 1992.

*Kennedy & Kennedy, Reid W. Kennedy, David M. Simpson,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.