## A94A2324. GEORGIA RECEIVABLES, INC. v. MADDOX et al.

(454 SE2d 541)

BEASLEY, Chief Judge.

On October 10, 1985, Winnie Maddox borrowed money from Great Southern Federal Savings Bank for the purchase of a car. The Bank also received a loan guaranty from Jimmy Maddox. The Maddoxes failed to make payments and the car was repossessed and sold in 1988. Georgia Receivables, assignee to Great Southern, sued the Maddoxes in April 1993 for the deficiency, interest, and costs.

The court, on its own motion, dismissed the complaint, which is the subject of the appeal. The court noted that Georgia Receivables' notice of intent to sell was dated April 12, 1988, the car was sold on May 17, 1988, and suit was filed April 14, 1993; it concluded that the complaint was filed beyond the four-year period of limitation set forth in OCGA § 11-2-725 (1).

1. Georgia Receivables contends the court erred because the applicable statute of limitation is found in OCGA § 9-3-23 and provides for a 20-year period for contracts entered under seal. The contract signed by Winnie Maddox states "Buyer agrees to pay . . ." and ends "Signed, sealed, and delivered by the Buyer. . . ." The guaranty signed by Jimmy Maddox states that he "guarantee(s) the full and prompt payment when due . . . of all obligations of the Debtor to the Bank . . ." and ends "the undersigned have hereunto set their hands and affixed their seal the day and year above written." On both documents, the word "(SEAL)" appears after the signature. Such language is sufficient to place the contracts under seal. The 20-year period of limitation set forth in OCGA § 9-3-23 applies. *Telfair Finance Co. v. Williams*, 172 Ga. App. 489 (323 SE2d 689) (1984).

The record before us does not indicate that Jimmy Maddox signed the original contract agreeing to pay for the car, which only bears the name and signature of Winnie Maddox. In the guaranty, the only reference is to Jimmy Maddox's own debts, not those of Winnie Maddox. Resolution of such issues, however, is not before us; we are concerned only with the court's incorrect application of the statute of limitation.

2. Georgia Receivables' other enumeration of error is moot.
*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED JANUARY 30, 1995.

*Frederick J. Hanna, Elizabeth C. Whealler,* for appellant.
Jimmy L. Maddox, *pro se.*
Winnie J. Maddox, *pro se.*