A95A0874. GEORGIA RECEIVABLES, INC. v. WILLIAMS.
(461 SE2d 280)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Georgia Receivables, Inc., as assignees, appeals from the sua sponte order of the superior court dismissing appellant's suit on contract. The superior court concluded that the four-year statute of limitation had expired thereby barring the action. *Held*:

1. Appellant's brief contains statements of fact, particularly concerning whether the contract at issue was under seal, which are not supported by evidence of record; factual assertions in briefs not supported by evidence of record cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223).

2. After concluding that the pro se answer filed by appellee was sufficient to put appellant on notice of appellee's intent to use the statute of limitation as an affirmative defense, the trial court dismissed appellant's complaint on the grounds the action was barred by the expiration of the four-year statute of limitation period. A trial court has inherent authority to dismiss sua sponte a complaint in an appropriate case. OCGA § 15-6-9 (8); compare *Star Mfg. v. Edenfield*, 191 Ga. App. 665, 668 (3) (382 SE2d 706) (trial court directed a verdict sua sponte). Pretermitting whether the record establishes that appellant was not given adequate notice that the trial court was going to dismiss the complaint sua sponte or whether such notice generally is required as a matter of due process is whether this court is required, based on the state of the record, to affirm the dismissal ordered by the trial court. Appellant's sole contention as to the merits of the trial court's dismissal of the complaint is that a 20-year statute of limitation controlled, as the contract at issue was under seal. However, the contract is not a part of the record before us on appeal, and there exists no evidence of record from which this court may deter-

mine the contents and nature of the contract. "When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466); see *Lyon v. State*, 262 Ga. 247, 249 (4) (416 SE2d 523). Such an affirmance is tantamount to an appellate determination that, as a matter of law, the trial court did not err in dismissing the case on the grounds of expiration of the applicable statute of limitation. We will not reverse a correct ruling of the trial court dismissing a complaint regardless of the reason therefor. See *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273 (1) (441 SE2d 684); see also *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557). *Georgia Receivables v. Cheatham*, 216 Ga. App. 656 (455 SE2d 375) and *Georgia Receivables v. Maddox*, 216 Ga. App. 164 (454 SE2d 541), where the court examined the legal document at issue which was a part of the official record, are distinguishable and not controlling in this case. We do not address the merits of *Cheatham*, supra, and *Maddox*, supra, as we have disposed of this cause using a well-settled appellate rule.

3. In view of our holding in Divisions 1 and 2 above, we also conclude that the trial court did not err in denying appellant's motion for summary judgment. Appellant would not be entitled to summary judgment in view of our affirmation of the trial court's ruling regarding the expiration of the statute of limitation in this case. A grant of summary judgment must be affirmed if it is right for any reason. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61); accord *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746); see *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47).

*Judgment affirmed. Beasley, C. J., Pope, P. J., Andrews, Johnson and Ruffin, JJ., concur. McMurray, P. J., Blackburn and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I must respectfully dissent. In my view, the very fact that the contract at issue is not a part of the record on appeal, *and that it likewise was not made a part of the record below*, demonstrates conclusively that the trial court's sua sponte dismissal was, at best, premature. *Even assuming*, as did the trial court, that Williams' bare observation in his answer that "over 7 seven [sic] years is a long time to charge interest on a debt that should not exist" is sufficient to put Georgia Receivables on notice that Williams intended to use a particular statute of limitation defense, this would still not be sufficient to authorize the trial court's sua sponte dismissal in this case.

The reason a sua sponte dismissal was not authorized here is that

Georgia Receivables had as yet received no opportunity to respond with particularity to the undisputedly vague "defense" purportedly raised by Williams. As I noted in my special concurrence in *Georgia Receivables v. Cheatham*, 216 Ga. App. 656 (455 SE2d 375) (1995), " '(t)he purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense.' [Cit.]" Id. at 658. It seems clear to me that it is *never* proper for the trial court to dismiss an action sua sponte based on an affirmative defense where there remains any possibility that the plaintiff could yet introduce matters otherwise outside the record that would "meet" that defense.

Because Georgia Receivables was given no reasonable opportunity to show that the statute of limitation under OCGA § 11-2-725 (1) does not apply under the facts of this case *and* that the 20-year statute of limitation for contracts under seal generally should apply,[1] I would reverse the judgment of the trial court.

I am authorized to state that Presiding Judge McMurray and Judge Blackburn join in this dissent.

DECIDED AUGUST 3, 1995.

*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler,* for appellant.

Michael A. Williams, *pro se.*

---

[1] It is not enough that the contract may have been under seal, because where the UCC statute of limitation in contracts for sale, OCGA § 11-2-725, does indeed apply, it, and not OCGA § 9-3-23, pertaining to sealed instruments generally, controls. *McLean v. Gray*, 180 Ga. App. 794, 795 (350 SE2d 815) (1986).