A95A2028. UNDEN v. THE STATE.
(462 SE2d 408)

BIRDSONG, Presiding Judge.

Jack Edward Unden appeals his conviction of four counts of sexual exploitation of children in violation of OCGA § 16-12-100; he enumerates three errors. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

2. Appellant asserts the trial court erred in denying his motion for directed verdict as to Counts 2 and 3, because the photographs introduced in evidence to support these counts do not show any exhibition of the pubic area, as averred in the special presentment. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

The record reveals that Counts 2 and 3 both aver that appellant unlawfully and knowingly exhibited with intent to sell a photographic medium depicting appellant's minor daughter engaged in sexually explicit conduct, to wit: lewd exhibition of her pubic area. The offenses averred in Counts 2 and 3 occurred on two different days, and the photographs were exhibited to different witnesses. The record reveals that each of two witnesses identified both State Exhibits 2 and 3 as containing reprocessed photographs (of better viewing quality) of the similar photographs originally exhibited to them by appellant.

The evidence establishes that appellant's minor daughter had shaved her pubic area, and the position of the minor's body in the photographs raises an issue of fact as to whether the pubic area was actually exhibited in various photographs. A question clearly existed requiring jury determination whether any of the photographs transmitted by appellant to the witnesses for their viewing in fact exhibited the minor's pubic area, and whether it did so lewdly, as averred in each count. We find as matter of law that no photograph contained within State Exhibit 2 exhibited, lewdly or otherwise, the minor's pubic area. However, we find that one photograph contained in State Exhibit 3 presented a jury issue as to whether it depicted a lewd exhibition of the minor's pubic area. This particular photograph could have been exhibited by appellant on different days and, if found by the jury to have been exhibited as averred, would support appellant's conviction for each separate offense charged in Counts 2 and 3 of the indictment. Accordingly, appellant's contention that Count 3 is not supported by any photograph displaying the minor's pubic area, because the only photograph conceivably showing such area was offered as part of the proof of Count 2, is without merit.

Two witnesses testified that appellant had exhibited to them original photographs similar to the reprocessed photographs contained in State Exhibits 2 and 3. If the jury found that the minor had exhibited her pubic area as averred in Counts 2 and 3, whether such exhibition was lewd so as to constitute sexually explicit conduct, as charged, was a question for jury determination. Unless an act is found not to be lewd as a matter of law, whether such act is lewd under the attendant circumstances usually "is best left to a jury for determination." *Collins v. State*, 160 Ga. App. 680, 683 (288 SE2d 43).

Pretermitting whether a violation of OCGA § 16-12-100 (b) (5) by the knowing exhibit of any visual medium which depicts a minor engaged in any sexually explicit conduct requires that such exhibition be done with intent to sell or distribute is whether there exists evidence giving rise to a jury issue as to whether appellant did "exhibit with intent to sell," as averred in Counts 2 and 3 of the indictment. We find that there exists adequate evidence of record so as to present for jury determination the issue whether appellant's "exhibit" of pho-

tographs, as averred in Counts 2 and 3, was accomplished with intent to sell. See *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (intent may be inferred from and, usually of necessity, must be proved by circumstantial evidence). We need not here determine whether the averred "intent to sell" was surplusage as the offense charged was to "exhibit" unlawfully in violation of OCGA § 16-12-100 (b) (5).

Appellant's first enumeration of error is without merit. See Divisions 1 and 6.

3. Appellant's second enumeration is that the evidence is insufficient to support convictions on Counts 1 and 4 (permitting a minor to be photographed in lewd exhibition of the pubic area) because the uncontradicted evidence is that the only two instances of genital exposure were accidental and were not done at appellant's direction. Whether these two conceded instances of pubic area exposure in State Exhibit 1 were accidental and whether they were done at appellant's direction presented a question of fact for jury determination. See *Carroll v. State*, 208 Ga. App. 316, 317 (1) (430 SE2d 649). Likewise presenting a question of fact for jury determination is whether the numerous instances of the minor's pubic area exposure occurring in the videotapes (State Exhibits 9 and 10) were done at appellant's direction. Such issues can be established by either circumstantial or direct evidence or a combination of both. OCGA § 24-1-1; compare *Continental Assur. Co. v. Rothell*, 227 Ga. 258, 261-262 (181 SE2d 283).

Appellant's second enumeration of error is without merit. See Divisions 1 and 6.

4. In his third enumeration, appellant contends the trial court erred in summarily overruling his objection to improper and inflammatory closing argument by the prosecutor. The record reveals that appellant's counsel only interrupted the State's closing argument on one occasion. Following the State's contention that the conduct in question was made "even more lewd and obscene" because the minor's father was "promoting this conduct," appellant's counsel stated: "We discussed in chambers the fact that he would not — that you would define 'lewd' and he's bringing in other parts that my client's not on trial here for. He's on trial for allowing Rebecca to make a lewd display of her pubic area. It's not his conduct. The only conduct he's charged with is allowing her to do something, not whether it's against community standards of what he keeps going into that. That is not the question for the jury." Although the trial court thereafter "overrule[d] that objection," we conclude that appellant failed to pose a specific objection in proper form. See *McGee v. State*, 205 Ga. App. 722, 727 (9) (423 SE2d 666); *Gully v. Glover*, 190 Ga. App. 238, 241 (4) (378 SE2d 411). Where appellant fails to pose timely a specific

objection in proper form to an alleged improper argument of opposing counsel, an appellate court is precluded from reviewing the remarks at issue on appeal. See *Isaac v. State*, 263 Ga. 872, 874 (4) (a) (440 SE2d 175); but compare *Todd v. State*, 261 Ga. 766, 767 (2) (a) (410 SE2d 725).

Assuming arguendo, appellant had managed to pose an adequate objection to the above-described comments of opposing counsel on the grounds (as argued in his appellate brief) that the State "is not permitted to go outside the facts appearing in the case," the trial court did not err in overruling the objection. Those particular comments constituted permissible deductions from evidence before the factfinder. It is permissible for counsel to draw deductions from the evidence regardless of how illogical or unreasonable. This is a matter for reply by adverse counsel and not the subject of rebuke or mistrial by the court. *Adams v. State*, 260 Ga. 298, 299 (392 SE2d 866).

Additionally, having examined all comments by the State made in closing argument to which appellant now contends gave rise to prejudicial error, we are satisfied that there exists no reasonable probability that such remarks, either individually or collectively, changed the result of the trial within the meaning of *Todd*, supra.

5. Appellant, citing *Jackson v. State*, 205 Ga. App. 513 (3) (422 SE2d 673), asserts that this case should be reversed due to the trial court's failure to charge the jury as to the six factors of *United States v. Dost*, 636 FSupp. 828, 831 (S.D. Cal.), aff'd sub nom., *United States v. Wiegand*, 812 F2d 1239 (9th Cir.), which was therein applied in construction of a criminal statute so as to clarify the term, " 'lascivious exhibition of the genitals or pubic area.' " Compare *United States v. Wolf*, 890 F2d 241 (10th Cir.) and *United States v. Villard*, 885 F2d 117 (3rd Cir.). Pretermitting whether appellant waived this issue by failing to request timely such an instruction at trial is the question whether appellant has preserved this issue for appellate review by asserting it in his enumeration of error. We find that "[t]his assertion is beyond the reasonable scope of appellant's enumeration of error; an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration. [Cits.] Thus, this issue is not preserved on appeal." *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649). Accordingly, we do not address the merits of appellant's specific assertion of reversible error based on the trial court's alleged failure to instruct sua sponte on the so-called *Dost* factors, nor do we here determine whether a *Dost* factor charge is either appropriate or indispensable in sexual exploitation cases arising from an averred violation of Georgia law.

6. To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257

Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt as to the offenses of which he was convicted; the jury was authorized by the evidence presented to exclude other possible hypotheses as unreasonable. Id. at 699. Review of the transcript, including the original exhibits admitted for jury consideration, reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED SEPTEMBER 6, 1995 — ▮▮▮▮▮▮▮▮

*Edward L. Adams*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.