S99A0939. RHODES v. THE STATE.
(521 SE2d 579)

CARLEY, Justice.

A jury found Clint Rhodes guilty of the malice murder of Melvin

Quarles, and of the possession of a firearm during his commission of that crime. The trial court entered judgments of conviction on the jury's guilty verdicts, and sentenced Rhodes to life imprisonment for the murder and to a consecutive five-year term for the firearm offense. Thereafter, the trial court denied Rhodes's motion for new trial, and, pursuant to the subsequent grant of his motion for an out-of-time appeal, he brings this appeal.[1]

1. Quarles suffered at least eight gunshot wounds, all of which were fired from a relatively short range. Rhodes admitted that he was in the vicinity and heard the shots, but denied that he fired the gun. However, one of Rhodes's own friends was an eyewitness to the homicide, and he identified Rhodes as the shooter. Moreover, within minutes of the shooting, at least three others rushed to the scene and heard Quarles name "Clint" as the perpetrator. The apparent motive was an earlier confrontation between Quarles and another individual who was either Rhodes's friend or his cousin. The evidence, when construed most strongly in favor of the prosecution, is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Rhodes's guilt of malice murder and of the possession of a firearm during the commission of the crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Rhodes urges that the trial court erred in admitting, as a dying declaration, the testimony of three State's witnesses regarding Quarles's identification of "Clint" as his attacker. The record shows, however, that Rhodes made no objection when any of the three witnesses testified about hearing Quarles make the statement. The failure to object to the admission of evidence at trial constitutes a waiver of the right to raise the issue on appeal. *Minor v. State*, 264 Ga. 195, 196 (1) (442 SE2d 754) (1994). Moreover, contrary to Rhodes's contention, the declaration was not inadmissible merely because his full name was not stated, since other evidence showed that the name "Clint" was a reference to him. *Emmett v. State*, 195 Ga. 517, 533 (1) (25 SE2d 9) (1943), overruled on other grounds, *Howard v. State*, 237 Ga 471, 474 (228 SE2d 860) (1976). The trial court correctly admitted the identification testimony as evidence of the res gestae of the homicide. *Phillips v. State*, 260 Ga. 742, 744 (1) (399 SE2d 202) (1991).

3. Rhodes enumerates as error the charge on dying declarations, contending that the evidence did not authorize such an instruction.

---

[1] The crimes were committed on October 21, 1994. The grand jury indicted Rhodes on November 29, 1994. The jury returned its guilty verdicts on June 9, 1995. The trial court entered its judgments of conviction and the sentences on July 7, 1995. Rhodes filed his motion for new trial on July 13, 1995, and the trial court denied that motion on September 25, 1995. On November 21, 1997, the trial court granted Rhodes's motion for an out-of-time appeal and, on that same day, Rhodes filed his notice of appeal. The case was docketed in this Court on April 28, 1999. The appeal was submitted for decision on May 20, 1999.

As discussed in Division 2, however, the trial court correctly admitted evidence of Quarles's statement. "Where there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. [Cits.]" *Fredericks v. State*, 172 Ga. App. 379, 380 (2) (323 SE2d 265) (1984). It follows that the trial court properly charged the jury on legal principles regarding dying declarations.

4. Rhodes contends that the charge on possession of a firearm was erroneous, because it failed to instruct the jury on the essential elements of that offense. The portion of the charge to which he refers is that related to the form of the verdict. Elsewhere, the trial court gave a separate substantive instruction on the definition of the firearm offense, using language which tracked the wording of the applicable provisions of OCGA § 16-11-106 (b). Therefore, the charge, when considered as a whole, adequately informed the jury of the essential elements of the offense for which Rhodes was being tried. *Buford v. State*, 264 Ga. 479 (3) (448 SE2d 215) (1994).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

