## S03A0986. PARKER v. THE STATE.
### (588 SE2d 683)

HUNSTEIN, Justice.

Devorious Parker was convicted of malice murder, felony murder and arson in the shooting death of Melissa Smith and the burning of her home. He appeals from the denial of his motion for a new trial.[1] Finding no reversible error, we affirm.

1. The jury was authorized to find that Parker and the victim, who were romantically involved, were seen together on the day of the murder. A neighbor testified he saw Parker running from the victim's home after 8:00 p.m. and smelled smoke. The victim's mother returned to the home she shared with the victim that evening and discovered the house was on fire. There was no sign of a forced entry into the home. Emergency personnel discovered the victim's body in her bedroom, which was the origin of the smoldering fire. Both the body and the room were extensively damaged by heat. An autopsy revealed that the victim had been shot twice in the head at close range, with one shot fired no more than an inch away and the other while the barrel almost touched the victim's skin; her death occurred before her bedroom mattress was set on fire. According to expert testimony, the fire was intentionally set. A witness testified that Parker had a black gun, established by expert testimony as the murder weapon, in his possession on the day of the crimes and that Parker asked the witness to either hide or sell the weapon. Another witness testified that several days after the crimes, Parker told him he had shot a girl and burned her house down.

Parker presented expert testimony regarding how and when the fire started and several alibi witnesses, including his stepfather who testified that Parker was at home all day and two girlfriends who spoke with Parker on the telephone while he was at home.

We find the evidence adduced sufficient to enable a rational trier of fact to find Parker guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In opening statements the prosecutor told the jury, "I suspect that there will also be testimony of purported alibi witnesses, witnesses that claim that the defendant was with them." Parker objected, but the trial court ruled the prosecutor "has the right to do

---

[1] The crimes occurred on February 13, 2000. Parker was indicted on charges of malice murder, felony murder and arson during the May Term 2000 in DeKalb County. He was found guilty of all charges on February 20, 2001 and was sentenced that day to life imprisonment for malice murder and a concurrent 20-year sentence on the arson conviction. His timely-filed motion for new trial, as amended, was denied by order filed January 13, 2003. A notice of appeal was filed February 12, 2003. The appeal was docketed March 20, 2003 and was submitted for decision on the briefs.

an opening as to what she expects the evidence to show." The trial court instructed the jury that "what the district attorney is saying in her opening remarks is not evidence and should not be considered as evidence."[2] The prosecutor then proceeded to reference police statements given by Parker's mother and sister in which they indicated they were not sure Parker was home the day of the crimes. The prosecutor continued, "And I suspect that probably you will hear testimony that now they are one hundred percent certain. And I suggest that once again you look at the evidence and not the innuendoes."

Parker contends the trial court committed reversible error by allowing these comments in the State's opening statement because Parker had not given notice to the State of any intention to present an alibi defense and thus the State's opening statement improperly shifted the burden of proof to Parker. Pretermitting whether proper objection was made, but see *Unden v. State*, 218 Ga. App. 463 (4) (462 SE2d 408) (1995) (specific objection in proper form must be timely posed to preserve issue on appeal), we hold that while the trial court erred by allowing the State's improper remarks, the error does not require reversal under the facts in this case.

"The purpose of the opening statement is to inform the jury and the court of the nature of the case, and to give an outline of the proof the party anticipate[s] presenting." *Franks v. State*, 188 Ga. App. 263 (1) (372 SE2d 831) (1988). A prosecuting attorney's "opening statement is limited to the statement of what the state expects to prove." *Watson v. State*, 137 Ga. App. 530 (1) (224 SE2d 446) (1976). See also Daniel, Georgia Criminal Trial Practice (2001 ed.), § 19-6 (prosecutor may state "what he expects his witnesses to testify to"). Although Georgia has not specifically addressed the subject, a review of our sister states reveals that "many courts . . . prohibit any mention of the other side's anticipated evidence during the opening statement. The advocate is thus precluded from criticizing the anticipated proof of the other side or from discussing evidence that will be elicited during the cross-examination of adverse witnesses." (Footnotes omitted.) Perrin, From O.J. to McVeigh: The Use of Argument in the Opening Statement, 48 Emory L.J. 107, 130-131 (1999).

In Georgia, "[g]ood faith is the general test in passing upon the preliminary statement of the [prosecutor] to the jury as to what he expects to prove in a criminal case. [Cits.]" *Daniels v. State*, 58 Ga. App. 599, 605 (3) (199 SE 572) (1938). Based on our review of the record, it appears that the prosecutor had a reasonable basis for believing that Parker would introduce this alibi evidence. The list of

---

[2] This instruction was an abbreviated version of the charge the trial court gave the jury before opening statements in which the court stressed that counsel were not testifying and that their opening remarks should not be considered as evidence.

defense witnesses included his mother and sister; the mother was present in the courtroom and the sister was under a defense subpoena to appear; and the prosecutor stated on the record that in pretrial discussions defense counsel had indicated to the State that these witnesses would testify. However, the record also reflects that Parker filed no notice of alibi.

We find the situation here comparable to that discussed by the Court of Appeals for the Seventh Circuit in *United States v. Hall*, 165 F3d 1095 (7th Cir. 1999). In *Hall*, the Seventh Circuit also determined that the prosecutor had a reasonable basis for believing that Hall would introduce the alibi evidence discussed by the State in opening. Notwithstanding that good faith belief, the *Hall* court held:

> we have serious doubts as to the appropriateness of a prosecutor commenting on potential alibi witnesses of a defendant. We believe it to be a rare situation where it would be appropriate for a prosecutor to comment on anticipated defense evidence because a defendant is under no obligation to put forward evidence on his or her own behalf. . . . [W]hen the prosecution raises the spectre of a flawed alibi and the defendant chooses not to offer any alibi evidence, it may well leave the jury with an unfavorable impression of the defendant.

Id. at 1115.

We agree with the *Hall* court that it is inappropriate for a prosecutor in a criminal case to discuss in opening statement the evidence she anticipates the defense will present at trial. A criminal defendant is under no obligation to prove or disprove anything: "the law is absolutely clear that a criminal defendant carries no burden of proof or persuasion whatsoever." (Footnote omitted.) *Wyatt v. State*, 267 Ga. 860, 863 (1) (485 SE2d 470) (1997). Notwithstanding pre-trial motions and discovery, a defendant may choose at the close of the State's case to present no evidence whatsoever. Comments by a prosecutor in opening statement regarding the defendant's anticipated evidence may constitute grounds for reversal should the defense rest without presenting such evidence.

In the case before us, while Parker did not call either of the witnesses discussed by the prosecutor in her opening statement, this is not a case in which no alibi evidence at all was adduced. Compare *Hall*, supra. The transcript reveals that Parker's stepfather testified to the same matter the State anticipated would be presented through Parker's mother and sister, namely, that on the day of the crimes Parker did not leave the family home. Further, the trial court clearly and repeatedly instructed the jury that opening statements were not

evidence.[3]

The proper standard for determining whether the uncorrected argument of counsel resulted in a miscarriage of justice is the " 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). See also *Jones v. State*, 159 Ga. App. 704 (2) (285 SE2d 45) (1981). Applying this standard in light of the circumstances in this case, especially the jury instructions given by the court and the introduction by the defense of alibi evidence comparable to that discussed by the prosecutor in her opening statement, we conclude that while the trial court erred by allowing the prosecutor to comment on this matter in her opening statement, it is highly probable that the prosecutor's comments did not contribute to the judgment, see id., and were not so prejudicial as to deny Parker a fair trial. See *Hall*, supra at 1116. Accordingly, this enumeration presents no reversible error.

3. Parker's failure to object waives any issue regarding the testimony by Corey Reese or the closing argument by the prosecutor. See generally *Rhodes v. State*, 271 Ga. 481 (2) (521 SE2d 579) (1999); *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999). Similarly, because " '[i]n no case will the trial judge's ruling be reversed for not going further than requested' [cit.]," *Lyon v. State*, 262 Ga. 247, 248-249 (3) (a) (416 SE2d 523) (1992), and because the transcript reveals that the trial court granted Parker the precise relief he sought in regard to challenged testimony by Austin Obialo and Mary Jones, we find no merit in these enumerations. Finally, the trial court did not err by not granting a mistrial regarding Detective Fonseca's testimony where the transcript reveals that Parker expressly stated he was not moving for a mistrial. The transcript reveals that Parker instead moved for dismissal of the indictment. Given that counsel's timely objection prevented Detective Fonseca from giving any improper testimony regarding Parker's statement to the police, even had proper objection been made, the denial of Parker's motion was not error. See *Lewis v. State*, 172 Ga. App. 68 (1) (321 SE2d 812) (1984) (no error when witness is prevented from giving improper testimony).

*Judgment affirmed. All the Justices concur, except Sears, P. J., Carley and Hines, JJ., who concur specially.*

---

[3] We note that in *Hall*, although the prosecutor discussed in opening the alibi evidence he suspected the defense would introduce, he expressly also informed the jury that
> First of all, I really don't know with precision what evidence they will offer, and keep in mind that they certainly don't have to bring any evidence forth at all. The burden of proof is completely on me. They don't have to prove or disprove anything.
Id. at 1116. No such clarification was made by the prosecutor in Parker's case.

CARLEY, Justice, concurring specially.

I concur fully in Divisions 1 and 3, and in the affirmance of Parker's convictions and sentences. In Division 2, the majority holds that, although the trial court erred by overruling an objection to a portion of the prosecuting attorney's opening statement, the error was harmless. In my opinion, however, we do not need to reach the question of harm, because the challenged comments fall within the permissible scope of opening statements.

"The district attorney may make an opening statement prior to the introduction of evidence. This statement shall be limited to expected proof by legally admissible evidence." Uniform Superior Court Rule 10.2. "[A] prosecutor's opening statement must be confined to what he or she expects the evidence to prove at trial. [Cits.]" *Hartry v. State*, 270 Ga. 596, 598 (2) (512 SE2d 251) (1999). "Good faith is the general test in passing upon the preliminary statement of the [district attorney] to the jury as to what he expects to prove in a criminal case. [Cits.]" *Daniels v. State*, 58 Ga. App. 599, 605 (3) (199 SE 572) (1938).

Here, the contested portion of the opening statement informed the jury that the prosecuting attorney expected that Parker's mother and sister would attempt to provide him with an alibi, but that the State intended to prove that, according to their pre-trial statements, they were unsure whether he was home on the day of the crimes. As the majority concedes, the prosecutor had a reasonable basis for believing that Parker would rely on his mother and sister as alibi witnesses. Thus, there is no question but that the comment was a good faith remark to the effect that the assistant district attorney expected to prove an inconsistency between any exculpatory testimony that Parker's mother and sister might offer and their previous statements. As the trial developed, Parker did assert an alibi defense, but not by calling his mother or sister as witnesses on his behalf. Therefore, the prosecuting attorney never had occasion to introduce the inconsistent statements to which she referred in her opening statement. However, we have held that,

> if defense counsel objects to a statement of the prosecutor, and if the trial court instructs the jury that the remarks of counsel in opening [statement] are of no probative value, no error is committed where it does not appear that the remarks of the prosecutor were otherwise than in good faith.

*Cargill v. State*, 255 Ga. 616, 636 (21) (a) (340 SE2d 891) (1986). See also *Hartry v. State*, supra at 598 (2). Such a cautionary charge was given by the trial court in this case. Thus, there clearly was no error here, because the prosecutor acted in good faith in apprising the jury

of what she expected that the evidence would show, and the trial court properly instructed the jury that the opening statement was not evidence.

The majority cites *United States v. Hall*, 165 F3d 1095 (7th Cir. 1999), and states that "[w]e agree with the *Hall* court that it is inappropriate for a prosecutor in a criminal case to discuss in opening statement the evidence she anticipates the defense will present at trial." Majority opinion, p. 441. However, I do not read that case as clear-cut authority for characterizing the comments in this case as inappropriate.

> [W]e have *serious doubts* as to the appropriateness of a prosecutor commenting on potential alibi witnesses of a defendant . . . . In any event, whether it was improper for the prosecutor to comment on potential alibi witnesses under the facts of this case is an issue we *need not reach* in order to dispense with Hall's appeal . . . . (Emphasis supplied.)

*United States v. Hall*, supra at 1115 (III). Moreover, even assuming that *Hall* supported the cited proposition, it still would not authorize a departure from the rule in Georgia that the scope of a prosecutor's opening statement is limited only by his or her good faith expectation of what the admissible evidence will prove at trial.

In further support of its holding, the majority also cites one commentator's observation that

> "many courts . . . prohibit any mention of the other side's anticipated evidence during the opening statement. The advocate is thus precluded from criticizing the anticipated proof of the other side or from discussing evidence that will be elicited during the cross-examination of adverse witnesses." (Footnotes omitted.) Perrin, From O.J. to McVeigh: The Use of Argument in the Opening Statement, 48 Emory L.J. 107, 130-131 (1999).

Majority opinion, p. 440. What the majority fails to note, however, is that the same commentator is critical of those courts which impose that limitation on the scope of opening statements.

> Criminal defendants lose the most under this application of the rule. Defendants in criminal cases who choose to invoke their Fifth Amendment rights and to simply attack the government's case may be forbidden from making any opening statement at all because of their lack of affirmative proof. The rationale is *superficially flawless*: the analysis or criticism of the other side's case constitutes [impermissible]

argument because it goes beyond the mere presentation of the party's own case. Yet, deeper reflection reveals the *error in this analysis*. A party may introduce its proof during direct *or* cross-examination, a distinction that should be irrelevant for purposes of the opening statement. . . . [R]ecitation to the jury of evidence about the credibility of witnesses *should not be excluded* simply because it cannot be elicited until cross-examination. (Emphasis supplied in part and in original in part.)

Perrin, supra at 131-132. Thus, notwithstanding the limit on opening statements imposed in "many courts," the very authority cited by the majority supports Georgia's more expansive rule whereby an attorney is entitled to comment on whatever he or she has a good faith reason to believe any of the evidence adduced at trial will show. Because it is clear that the prosecutor's comment in this case is well within that broad scope of permissible opening statements, there was no error.

I am authorized to state that Presiding Justice Sears and Justice Hines join in this special concurrence.

DECIDED OCTOBER 20, 2003 —
RECONSIDERATION DENIED DECEMBER 11, 2003.

*Dwight L. Thomas, Caprice R. Jenerson*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.